868 So.2d 913 (2004)
Charles RANDALL
v.
Charley L. MARTIN, River Parish Disposal, Inc. and Clarendon National Insurance Company.
No. 03-CA-1311.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 2004.
*914 Vallie Schwartz, Morris Bart, P.L.C., New Orleans, LA, for Charles Randall, Plaintiff/Appellant.
John M. Dubreuil, Eleanor N. Mack, Kingsmill Riess, LLC, New Orleans, LA, for Charley L. Martin, et al., Defendants/Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
*915 WALTER J. ROTHSCHILD, Judge.
Plaintiff, Charles Randall, appeals from a judgment of the trial court granting defendants' exception of res judicata. Finding no legal or manifest error in this ruling, we affirm.

Facts and Procedural History
Plaintiff, a resident of Virginia, was involved in a multi-vehicle collision on March 12, 2002 while he was in New Orleans. On February 4, 2003, plaintiff filed the instant suit against Charley L. Martin, the driver of one of the other vehicles involved in the accident, River Parish Disposal, Inc. the owner of this vehicle, and Clarendon National Insurance Company, their insurer. In this petition, plaintiff sought damages for personal injuries, mental anguish, pain and suffering, as well as past and future loss of earnings. Plaintiff subsequently filed an amended petition to name as defendant the driver of the second vehicle involved in the accident, James J. Parta and his insurer Liberty Mutual Insurance Company.
Defendants, Martin, River Parish and Clarendon answered this petition generally denying the allegations and also asserting various affirmative defenses to plaintiff's allegations, including accord and satisfaction and settlement releasing all claims.
Subsequently, defendants Parta and Liberty Mutual filed an answer to plaintiff's original and amending petition denying plaintiff's allegations. Plaintiff then filed a motion to bifurcate the issues of accord, satisfaction and settlement from the issues of liability and damages. However, this motion was not ruled on by the trial court.
On May 27, 2003, defendants Martin, River Parish and Clarendon brought an exception of res judicata, seeking dismissal of plaintiff's claims against them on the basis that all claims between them had been compromised and settled. Plaintiff filed an opposition to this exception, and the matter was heard by the trial court on June 30, 2003. By judgment rendered on July 14, 2003, the trial court granted defendant's exception of res judicata and dismissed with prejudice all of plaintiff's claims against Charley L. Martin, River Parish Disposal, Inc. and Clarendon National Insurance Company.
Plaintiff now appeals from this judgment, arguing that the trial court erred in finding that the release signed by plaintiff constituted a valid compromise of all claims against defendants and in failing to allow additional time for discovery of the facts and circumstances surrounding the release. In the trial court and his appellate brief, plaintiff does not contend that the theory of res judicata does not apply to the release in this case; rather, he argues that the release does not represent a meeting of minds between the parties on the issue of claims for bodily injury arising out of the automobile accident.

Applicable Law
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. La. C.C. art. 3071. Dumas v. Angus Chemical Co., 31,969 (La.App. 2 Cir. 8/20/99), 742 So.2d 655. A release executed in exchange for consideration is a compromise. Brown v. Drillers Inc., 93-1019 (La.1/14/94), 630 So.2d 741. A compromise regulates only the differences which appear clearly to be comprehended therein by the intention of the parties, "whether it be explained in a general or particular manner," and does not extend to differences which the parties never intended to include. La. C.C. art. *916 3073; Ortego v. State, 96-1322 (La.2/25/97), 689 So.2d 1358. Further, a general release will not necessarily bar recovery for those aspects of the claim not intended to be covered by the release. Dimitri v. Dimitri, 00-2641 (La.App. 4 Cir. 6/30/02), 809 So.2d 481, 485, citing Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961).
A compromise therefore carries the authority of things adjudged, and cannot be attacked for error of law or lesion. La. C.C. art. 3078. A compromise may be rescinded whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded where there exists fraud or violence. La. C.C. art. 3079. Public policy favors compromise agreements and the finality of settlements. Brown v. Drillers Inc., supra at 757; Rivett v. State Farm Fire & Cas. Co., 508 So.2d 1356 (La.1987). The party seeking recision of a settlement agreement bears the burden of proving its invalidity. Hoover v. Boucvalt, 747 So.2d 1227 (La.App. 4 Cir.1999), writ denied, 754 So.2d 969 (La. 2000).
The parties' intent in executing a compromise is normally discerned from the four corners of the document; extrinsic evidence is normally inadmissible to explain, expand or contradict the terms of the instrument. Brown v. Drillers Inc., supra. Nevertheless, when the parties to a compromise dispute its scope, they are permitted to raise factual issues regarding whether the unequivocal language of the instrument was intended to be truly unequivocal. Id. However, such latitude is granted only in the presence of some "substantiating evidence" of mistaken intent. Dimitri v. Dimitri, supra, 809 So.2d at 485; Duet v. Lucky, 621 So.2d 168 (La. App. 4 Cir.1993). In Brown v. Drillers Inc., supra, the Supreme Court held that "substantiating evidence" must establish:
either (1) that the releasor was mistaken as to what he or she was signing, even though fraud was not present; or (2) that the releasor did not fully understand the nature of the rights being released or that the releasor did not intend to release certain aspects of his or her claim.
630 So.2d at 749.
In the absence of such evidence, the compromise is subject to the normal rules of contract analysis and enforced precisely as written. Duet v. Lucky, supra; Brown v. Drillers Inc., supra.

Discussion
In the present case, defendants submitted a copy of a document entitled "Release of All Claims" which was signed by plaintiff on March 29, 2002. The document provides in pertinent part:
That the Undersigned, being of lawful age, for sole consideration of ONE THOUSAND SEVENTY-ONE AND 50/100 Dollars ($1,071.50) to be paid to CHARLEY RANDALL, the undersigned, in hand paid, receipt whereof is hereby acknowledged, do/does hereby and for my/our/its heirs, executors, administrators, successors and assigns release acquit and forever discharge CHARLEY MARTIN, RIVER PARISH DISPOSAL, INC., AND CLARENDON NATIONAL INSURANCE CO. ... from any and all claims, actions, causes of action, demands, rights, damages costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, *917 casualty or event which occurred on or about the 12TH day of MARCH, 2002, at or near KENNER, LA.
The document also provides as follows:
The undersigned hereby declare(s) and represent(s) that the injuries sustained are or may be permanent and progressive and that recovery therefrom is uncertain and indefinite and in making this Release it is understood and agreed, that the undersigned rely(ies) wholly upon the undersigned's judgment, belief and knowledge of the nature, extent, effect and duration of said injuries and liability therefore and is made without reliance upon any statement or representation of the party or parties hereby released or their representatives or by any physician or surgeon by them employed.
In support of its position that the terms of this release are invalid, plaintiff relies on the cases of Dimitri v. Dimitri, supra, and Moak v. American Auto. Ins. Co., supra, in which the court invalidated similar compromise agreements. However, we find both of these cases to be factually distinguishable from the present case.
In Dimitri, the plaintiff who was allegedly injured in a slip and fall on defendant's premises signed a similar release, but did not accept the check given as consideration for the release and returned it to the insurance company. Thus, the court concluded there was no meeting of the minds regarding the settlement terms. In the present case, defendants submitted evidence that plaintiff accepted and subsequently cashed check number 183798 in the amount of $821.50 which referenced "Full and Final Settlement of Property Damages." The record also contains evidence that plaintiff also cashed check number 183799 in the amount of $250.00, which contained the reference "Full and Final Settlement of All Claims." The total of these check is $1071.50, the amount of consideration stated in the release document.
In Moak, plaintiff was injured in a vehicular accident wherein she sustained the loss of a finger, and the court noted the disparity between the extent of the injury and the amount of the compensation received. The release in that case did not distinguish between personal injuries and property damage and the check was given for the exact amount of the property damage sustained. In the present case, the release specifically refers to "bodily and personal injuries" as well as property damage. Further, the record fails to contain competent evidence that the amount of compensation received was insufficient for plaintiff's injuries.
Plaintiff also contends that the release executed in this case constitutes an impermissible rush release as defined by the court in Wise v. Prescott, 244 La. 157, 151 So.2d 356, 362 (1963), wherein the court invalidated a release which was signed within 24 hours of a plaintiff's accident. However, in that case, the plaintiff was a 70 year old woman who had broken her glasses in the accident and was unable to read the release document. Further, the adjuster did not identify himself, and plaintiff was unaware that she executed a release of her claims.
In the present case, the release was executed over two weeks after the accident at issue. Plaintiff was aware that he was dealing with an insurance adjuster, as he went to the insurance office to obtain the check. During the two week period between the time of the accident and the date plaintiff received the check, plaintiff had an opportunity to consult an attorney regarding his legal rights and to seek medical care to learn of the extent of his injuries. We fail to find that the release *918 executed in this case constitutes an impermissible "rush release."
Finally, we find no merit in plaintiff's claim that the disparity in bargaining positions between himself and the insurance adjuster is grounds for invalidation of the release. The record shows that plaintiff is a literate man who was employed at the time of this accident. Although he contends that the insurance adjuster did not fully explain the rights he was relinquishing by signing the release, the specific terms of the release which was read and signed by plaintiff clearly indicate that plaintiff understood that he was releasing defendants from any and all claims he may have had as a result of the automobile accident.
As the party seeking to invalidate the compromise agreement, Mr. Randall has the burden of proof. We conclude that based on the circumstances of this particular case, he has failed to meet this burden. The self-serving affidavit of plaintiff is the only evidence that plaintiff did not intend to settle all of his claims against defendants. However, the settlement terms are clear and unequivocal. The document specifically provided that plaintiff voluntarily settled all claims for all "known and unknown, foreseen and unforeseen bodily and personal injuries." Further, Mr. Randall received and negotiated the payments made in consideration for this release. Other than the information contained in his affidavit, there is no evidence in the record that Mr. Randall was not adequately compensated for his injuries. Under the circumstances presented herein, we fail to find that the trial court erred in refusing to consider extrinsic evidence to determine plaintiff's intentions in executing this release.
For these reasons, the judgment of the trial court maintaining the defendants' exception of res judicata and dismissing plaintiff's claim is affirmed. Plaintiff is to bear all costs of this appeal.
AFFIRMED.