888 So.2d 291 (2004)
Archie MILLET
v.
Althea Mae Bergeron MILLET.
No. 04-CA-406.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 2004.
*292 Wilbur Woods Reynaud, Lutcher, LA, for Plaintiff/Appellee.
Michael S. Zerlin, Thibodaux, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
In this civil suit, the defendant, Althea Mae Bergeron Millet (hereinafter referred to as Althea Millet), argues that the Consent Judgment based on the community property partition should have been set aside because of lesion, fraud, mistake, or *293 failure of consideration. The trial court denied all of Althea Millet's, motions except for the Motion to Rescind because of lesion. The plaintiff/appellee, Archie Millet, filed a Peremptory Exception of Res Judicata to the claim of lesion, which the trial court granted.
In her sole Assignment of Error, Althea Millet argues that the trial court erred in failing to annul the judgment because of fraud, mistake, or failure of consideration.
The parties were married on May 17, 1995. On February 18, 2003, the parties were divorced and on the same day signed a Consent Judgment, in which Archie Millet agreed to pay $5,400.00 in spousal support in $300.00 per month increments for eighteen months. In addition, the community property was partitioned awarding Althea Millet the Cocodrie camp, the trailer, the vehicle, and movable property, including the furniture in her possession and previous sums of cash paid to her by Archie Millet. Archie Millet was awarded the movable property in his possession, his personal items from the Cocodrie camp, the 401(k) from his employment, and "all other work benefits." Archie Millet's award of all other work benefits was made part of the Consent Judgment in a handwritten amendment. On February 26, 2003, Althea Millet filed a Motion for New Trial, Alternatively Motion to Rescind Community Property Settlement on Account of Lesion, Alternatively Motion to Annul Judgment on Account of Fraud, Mistake or Failure of Consideration. Althea Millet argued that the Consent Judgment, based on the community property partition, should be set aside because of fraud, mistake, or failure of consideration. She alleged that she did not receive her fair share of the community property, because the Cocodrie camp was destroyed by a hurricane between the time the parties agreed to the partition and the signing of the final judgment. Althea Millet claimed that Archie Millet did not insure the camp and she was unable to insure the camp and protect her interests, because Archie Millet never signed the lease over to her until after the camp was destroyed by the hurricane. Therefore, the lease of the camp awarded to her in the partition was worthless. The trial court stated at the hearing on Althea Millet's motions that it would only consider rescinding the property settlement and dividing the property judicially, if there was lesion beyond moiety.
A Consent Judgment is a transaction or compromise between parties who prevent or put an end to a lawsuit by adjusting their differences by mutual consent balancing the hope of gain against the fear of loss. Randall v. Martin, 03-1311 (La.App. 5 Cir. 2/23/04), 868 So.2d 913, 915; LSA-C.C. art. 3071. Courts are guided by the general principle "that the contract must be construed as a whole and in light of attending events and circumstances," when applying the rule of construction set forth in LSAC.C. art. 3073. Robinson v. Robinson, 99-3097 (La. 1/17/01), 778 So.2d 1105, 1122; LSAC.C. art.2050. The meaning and intent of the parties is ordinarily determined from the four corners of the instrument. Robinson v. Robinson, supra; Randall v. Martin, supra. The intent of the parties making the compromise is controlled by the words of the compromise instrument in light of the surrounding circumstances at the time of its execution. Id. Since public policy favors these compromise agreements and the finality of the settlements, the party seeking recision of a settlement agreement bears the burden of proving its invalidity. Randall v. Martin, supra. Consent of the parties may only be vitiated by error, fraud, or duress. LSA-C.C. art.1948. Therefore, the only circumstances under which the settlement can be set aside are *294 when there was error as to the person or matter in dispute, fraud, or violence in the execution of the agreement, or where the agreement is against public policy. Rumore v. Wamstad, 99-557, p. 4 (La.App. 5 Cir. 2/8/00), 751 So.2d 452, 455; LSA-C.C. art.1968, 3079.
An error only vitiates consent when it concerns a cause without which a party would not have incurred the obligation and that cause was known or should have been known by the other party. LSA-C.C. art.1949. When there exists a dispute regarding the scope of the compromise and there is substantiating evidence of mistaken intent, parties are permitted to raise factual issues regarding the unequivocal language of the instrument. Randall v. Martin, supra. The substantiating evidence must establish that the releasor was mistaken as to what he or she was signing, even though fraud was not present; or that the releasor did not fully understand the nature of the rights being released or that the releasor did not intend to release certain aspects of his or her claim. Id.
Fraud is a misrepresentation or a suppression of the truth made with the intent to obtain an unjust advantage for one party or to cause loss or inconvenience for the other party. Fraud may result from silence or inaction. LSA-C.C. art.1953. "Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill." LSA-C.C. art.1954.
In this case, the Consent Judgment was signed and made the judgment of the court on February 18, 2003. The handwritten amendment on the Consent Judgment was initialed by the parties and their respective counsel. In fact, in her Motion for New Trial, Althea Millet states that under the terms of the settlement "Archie Millet was to receive his employment benefits, including 401(k) and pension at his place of employment." During the hearing on the Exception of Res Judicata, Althea Millet testified that both she and Archie Millet initialed the consent agreement above the date where the handwritten amendment is located. She did not allege that Archie Millet and his attorney committed fraud or made a mistake, but rather that her counsel added the amendment to the Consent Judgment without her knowledge or approval after she signed it. Althea Millet wanted the community assets divided, allowing her to retain a half share of Archie Millet's retirement funds. Althea Millet testified that her attorney admitted to misunderstanding her desire. Althea Millet claims that her attorney told her on the date that the Consent Judgment was signed that they would not be dividing community assets. Archie Millet's counsel reminded the Court during the February 18, 2003 hearing on the partition of community property that the Consent Judgment was read into the record and court questioned the parties making sure that they understood exactly what they signed.[1]
The Consent Judgment clearly states that it is an agreement between the parties to partition the community property. The handwritten notation is initialed by both the parties and their respective counsel. Despite her assertions to the contrary, there would have been no need for Althea Millet to initial above the date, if there had not been a handwritten amendment. In its Reasons for Judgment on granting defendant's Exception of Res *295 Judicata, the trial court found that the Consent Judgment provided in relevant part that: "... Archie Millet is hereby awarded the 401(k) at his place of employment and all other work benefits at his place of employment." It appears that the trial court relied on the February 18, 2003 hearing at which the trial judge allegedly questioned the parties about the Consent Judgment. During that hearing, the trial court may have determined by its questioning of the parties that Archie Millet was to receive all other work benefits. Unfortunately, the trial transcript of that hearing is not in the record. "When the record lacks a transcript that is pertinent to an issue raised on appeal, the inadequacy of the record is attributable to the appellant." Kennedy v. Kennedy, 36,974 (La.App. 2 Cir. 3/5/03), 840 So.2d 679, 684. The trial judge who questioned the parties about the Consent Judgment was in the best position to interpret their intent. We find nothing in the record before us to indicate that the trial court erred in concluding that the consent agreement awarded Archie Millet his 401(k) and all other work benefits at his place of employment.
While there appears to have been some miscommunication between Althea Millet and her attorney, Althea Millet has failed to prove that Archie Millet was aware or should have been aware of any error or mistake in the confection or execution of the Consent Judgment, or that he committed fraud about which she could not have ascertained the truth without difficulty, inconvenience, or special skill.
Likewise, Althea Millet has not proven failure of consideration in regards to her share of the community property. The purpose of a transaction or compromise partitioning the community property by mutual consent is a division of the property by the parties in hopes of each retaining those items they desire the most out of fear of losing them. In this case, Althea Millet chose to retain the Cocodrie Camp leased during their marriage with all of the inherent problems associated with property in that area. She now argues that a portion of her share of the community, specifically the Cocodrie camp, is worthless, because in the time between when they agreed to the partition and the signing of the Consent Judgment the camp was destroyed by a hurricane. The failure of a party to the transaction to anticipate the value of the property will not render void a complete contract. Pioneer Valley Hosp., Inc. v. Elmwood Partners, L.L.C., 01-453, p. 6 (La.App. 5 Cir. 10/17/01), 800 So.2d 932, 937. Neither of the parties in this case could have anticipated the future value of the Cocodrie camp lease. But, since the Cocodrie Camp was used by the Millets during their marriage, Althea Millet had to have been aware that the Cocodrie area, like most of Louisiana, was subject to hurricanes, and that, therefore, the possibility existed that the camp might be destroyed by a hurricane at anytime, when she voluntarily agreed to the partition of the community property. Yet, the record contains no evidence that their lease on the camp was ever insured during the Millets' marriage; that Althea Millet attempted, but was unable to obtain insurance; or that as a condition of the agreement Althea Millet insisted that the lease on camp be insured during the interim period before she took possession. In fact, neither party could have anticipated the future value of any of the property that was partitioned by this agreement. The value of any item over time is subject to an increase or decrease in value or perceived value. That may be one reason why public policy favors the finality of settlements. In addition, the record contains no objective indication of the condition or value of the camp before or after the hurricane. Indeed, while the record does not allude to *296 it, Archie Millet may have lost all of his personal items that were stored at the Cocodrie camp, and thereby their value, during the same hurricane. Regardless, Archie Millet cannot be penalized for failing to anticipate during the partition of the community property that the camp would be damaged by a hurricane, thereby possibly reducing its value. The alleged change in the value of the lease of the Cocodrie camp does not void the completed compromise mutually agreed to by the Millets.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] A transaction or compromise agreement recited in open court confers upon the parties the right of judicially enforcing its performance. See, LSA-C.C. art. 3071.