919 So.2d 776 (2005)
Cynthia Badinger HAMSA
v.
Rudolf V. HAMSA.
No. 05-CA-219.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2005.
*777 Nancy K. Durant, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellee.
Leonard A. Washofsky, Attorney at Law, Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
In this domestic case, the question presented is whether plaintiff's remarriage nullifies the terms of the consent judgment reached between the parties regarding alimony. The trial court granted plaintiff's exception of res judicata on the grounds that all alimony issues were governed by the consent judgment previously executed, thereby dismissing defendant's claims for discontinuation and reimbursement of alimony payments. For the reasons stated herein, we affirm the judgment of the trial court.

Facts and Procedural History
Plaintiff, Cynthia Badinger Hamsa, filed a petition for separation from defendant, Rudolf Hamsa, in December of 1987. In her petition, Cynthia. Hamsa sought alimony pendente lite in the amount of $5,000.00 per month. According to the record, no resolution of this issue occurred until almost thirteen years later, on November 9, 2000, when the parties entered into a consent judgment in favor of Cynthia Hamsa for $47,000 for alimony and spousal support. Specifically, the judgment provided as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff Cynthia Badinger Hamsa, and against the defendant, Rudolf Vaclav Hamsa, in the full sum of $47,000.00 for alimony, and spousal support, inclusive of all past amounts claims or adjudged herein to be due to plaintiff, Cynthia Badinger Hamsa, and for all amounts in the future claimed by plaintiff, Cynthia Badinger Hamsa, including all claims for costs and attorney's fees.
The terms of the judgment also provided that $4,000 was due on December 1, 2000, $700 was due in consecutive monthly installments beginning on January 15, 2001 until December 15, 2005, and one final payment of $1,000.00. The judgment further stated that it represented a compromise of the full claims of all alimony issues either party had against each other.
Sometime in 2003, Rudolph Hamsa ceased payment of the monthly installments after learning that Cynthia Hamsa had remarried. On December 22, 2003, Cynthia Hamsa filed a Motion to Make All Terms of the Consent Judgment Executory on the basis of Rudolph Hamsa's failure to comply with the parties' agreement. In *778 response, Rudolph Hamsa filed a motion seeking return of all alimony payments made after plaintiff's remarriage based on the provisions of La. C.C. art. 115 which provides as follows:
The obligation of spousal support is extinguished upon the remarriage of the obligee, the death of either party, or a judicial determination that the obligee has cohabited with another person of either sex in the manner of married persons.
Rudolph Hamsa also propounded interrogatories and requests for admission on plaintiff seeking information on the exact date of plaintiff's remarriage. Based on the previous execution of the consent agreement between the parties, plaintiff filed an exception of res judicata to Rudolph Hamsa's pleadings.
These matters were heard in the trial court on July 29, 2004, and on September 27, 2004, the trial court rendered judgment granting plaintiff's exception of res judicata and determining that the remainder of the motions filed by the parties were therefore moot.
Rudolph Hamsa now appeals from this judgment. Cynthia Hamsa responded with a Motion to Dismiss the appeal based on appellant's failure to include the proper standard of review in his brief. Rudolph Hamsa opposes this motion and additionally seeks sanctions for the filing of a frivolous motion.
Rudolph Hamsa asserts on appeal that the trial court erred in failing to find that the consent judgment entered into between the parties only ordered the payment of alimony and spousal support. Further, Rudolph Hamsa argues the trial court erred in failing to rule on his motion to terminate alimony or Cynthia Hamsa's motion to make alimony payments executory, finding these motions to be moot. Finally, Rudolph Hamsa contends that the trial court erred in failing to apply the provisions of La. C.C. art. 115.

Consent Judgment
As we stated in Millet v. Millet 04-406 (La.App. 5 Cir. 10/26/04), 888 So.2d 291, 293-94:
A Consent Judgment is a transaction or compromise between parties who prevent or put an end to a lawsuit by adjusting their differences by mutual consent balancing the hope of gain against the fear of loss. Randall v. Martin, 03-1311 (La.App. 5 Cir. 2/23/04), 868 So.2d 913, 915; LSA-C.C. art. 3071. Courts are guided by the general principle "that the contract must be construed as a whole and in light of attending events and circumstances," when applying the rule of construction set forth in LSAC.C. art. 3073. Robinson v. Robinson, 99-3097 (La.1/17/01), 778 So.2d 1105, 1122; LSAC.C. art.2050. The meaning and intent of the parties is ordinarily determined from the four corners of the instrument. Robinson v. Robinson, supra; Randall v. Martin, supra. The intent of the parties making the compromise is controlled by the words of the compromise instrument in light of the surrounding circumstances at the time of its execution. Id. Since public policy favors these compromise agreements and the finality of the settlements, the party seeking recision of a settlement agreement bears the burden of proving its invalidity. Randall v. Martin, supra.

Res Judicata
It is well settled that a valid compromise can form the basis of a plea of res judicata because a compromise has the legal efficacy of a judgment. Brown v. Drillers, 93-1019 (La.01/14/94), 630 So.2d 741. Rudolph Hamsa does not contend on *779 appeal that he did not understand the consent agreement or that it was entered into under fraud or duress. However, he contends that as the judgment governed solely the payment of alimony, such payments must cease by operation of law upon the remarriage of his former spouse, citing La. C.C. art. 115. We fail to find merit in this argument.
The consent judgment in this case provided that judgment would be rendered in favor of Cynthia Hamsa and against Rudolph Hamsa for the sum of $47,000 for alimony and spousal support, inclusive of all past amounts claimed and for all future amounts claimed. There was no distinction made in the judgment regarding how much of the sum represented past-due alimony payments, but we note that the judgment was executed almost thirteen years after Cynthia Hamsa first sought alimony payments. Further, there is nothing in this consent judgment which provides that Cynthia Hamsa's future marital status altered the terms of the agreement. In addition, the judgment provided that it compromised "the full claim of all alimony issues either party has or may have had or may have in the future against each other, inclusive of all past due claims and future claims." Finally, all motions pending before the Court regarding alimony, spousal support or community property issues were dismissed upon execution of this judgment.
As the consent judgment executed between the parties resolved all alimony and spousal support issues between the parties, both past and present, it is impossible to determine how much of the lump sum agreed to represented past alimony and how much represented alimony in the future. Although the parties agreed to payment of the lump sum in monthly installments, presumably for the benefit of Rudolph Hamsa, the agreement nevertheless was considered to be a compromise of all alimony issues between the parties. Further, the agreement stated that all community property issues remaining between the parties were dismissed.
Under these circumstances, we find that the provisions of La. C.C. art. 115 have no application where a lump sum alimony judgment included a significant past obligation. We further find that as the issue of alimony was fully litigated between the parties and resulted in a valid compromise agreement, the principles of res judicata prevent Rudolph Hamsa from re-litigating this issue by attempting to terminate the monthly installments established by consent agreement.
For the foregoing reasons, we affirm the judgment of the trial court granting Cynthia Badinger Hamsa's exception of res judicata. We further find no error of the trial court in determining that based on the rendering of this judgment the remaining motions filed by the parties were moot. Finally, we find no merit in Cynthia Hamsa's motion to dismiss or in Rudolph Hamsa's request for sanctions. Appellant is to bear all costs of this appeal.
AFFIRMED.