960 So.2d 1119 (2007)
KREWE OF NEPTUNE, INC.
v.
The PARISH OF JEFFERSON, Henry Trapani, In His Capacity as Carnival and Special Events Coordinator for the Parish of Jefferson and Harry Lee, in his Capacity as Sheriff for the Parish of Jefferson.
No. 06-CA-926.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2007.
Andre P. Guichard, New Orleans, LA, for Plaintiff/Appellee.
Golden & Fonte, Kenneth C. Fonte, Metairie, LA, for Defendant/Appellant.
*1120 Panel composed of Judges CLARENCE E. McMANUS, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
CLARENCE E. McMANUS, Judge.
Plaintiff, Krewe of Neptune, filed a petition on January 30, 1997, naming as defendants the Parish of Jefferson, Henry Trapani (Carnival and Special Events Coordinator for the Parish) and Harry Lee (Sheriff for the Parish). In its petition, Neptune alleges that it applied to the Parish for a permit to conduct its Carnival parade, however it was advised by Mr. Trapani that a permit would not issue until Neptune paid to Sheriff Lee a fee of $22,000.00 for police protection. Neptune contended that the requirement of payment was illegal and in violation of both state and federal law, and also deprived Neptune of equal protection to the extent that other Krewes were not required to pay fees or costs to Sheriff Lee. Neptune sought a mandamus to require the issuance of the parade permit and the provision of police protection.
On January 31, 1997, plaintiff entered into a consent judgment whereby it agreed to deposit into the registry of the court each month all net proceeds from its bingo gaming operations until the sum of $22,000.00 had been deposited into the court. Sheriff Lee was to notify the Office of Carnival and Special Events of his intention to provide parade security, and the Parish was to issue a permit. The consent judgment provided that plaintiffs "hereby confess judgment in favor of Sheriff Harry Lee for the sum of $22,000.00, for parade security and traffic control . . . subject only to a final and definitive adjudication, or alternatively, consent agreement, determining the Sheriff's legal right and ability to assess a fee to recoup overtime payroll expenses for providing parade security and traffic control."
On April 25, 2005, Neptune moved for summary judgment, seeking return of the funds deposited into the registry of the court. On July 26, 2005, Sheriff Harry Lee filed an ex parte motion for declaration of abandonment and involuntary dismissal. The trial court granted Sheriff Lee's motion for dismissal on October 12, 2005, dismissing plaintiff's demands without prejudice. The court ordered that the parties file memorandum regarding disposition of the monies deposited into the registry of the Court.[1]
On April 19, 2006, the trial court rendered judgment in favor of Plaintiff, finding that it was entitled to retrieve the $22,000.00 it deposited into the registry of the court. In its reasons for judgment, the trial court stated that "the clear and concise language of the Consent Judgment provides that Neptune's confession of judgment was conditioned upon a final determination of the Sheriff's right to assess a fee. However, the Court never rendered a final determination on this issue because the lawsuit was abandoned and dismissed."
Sheriff Harry Lee has appealed from this judgment of the trial court. In his appeal, appellant argues that the judgment of dismissal is a final judgment that satisfied the requirements set forth in the consent judgment. It was Neptune's burden to prove that appellant was not entitled to the deposit and it failed to do so by failing to litigate its suit. Accordingly, since Neptune *1121 failed to prove that appellant was not entitled to the deposit, Sheriff Lee could request enforcement of the consent judgment and the trial court erred in failing to order that the funds on deposit in the registry of the court be dispersed to Sheriff Lee.
Appellee, Krewe of Neptune, counters that the consent judgment clearly states that the confession of judgment was predicated on "a final and definitive adjudication, or, alternatively, consent agreement, determining the Sheriff's legal right and ability to assess a fee[.]" This judgment does not establish whether the Sheriff or Neptune would adjudicate the constitutionality of the Sheriff's fee. This final and definitive adjudication of the issue of the Sheriff's legal right was never adjudicated as the matter was abandoned. Accordingly, Sheriff Lee is not entitled to the funds Neptune deposited into the registry of the court.
In the case of Sutherlin v. Sutherlin, 05-535, (La.App. 5 Cir. 2/3/06), 930 So.2d 51, 53, this Court defined a compromise agreement in a consent judgment as follows:
A compromise agreement which forms the basis for a consent judgment gets its binding force and effect from the consent of the parties. Nungesser v. Nungesser, 95-2298 (La.App. 1 Cir. 6/28/96), 694 So.2d 312, 314. The interpretation of the consent judgment is the determination of the common intent of the parties. Id. The meaning and intent of the parties is ordinarily determined from the four corners of the instrument. Millet[v. Millet, (La.App. 5 Cir. 10/26/04) 888 So.2d 291, 293], supra. Each provision in the contract is interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. Nungesser, supra. When the words of a contract are clear and explicit and lead to no absurd consequences, the intent of the parties is to be determined by the words of the contract. Id.

In this case, the consent judgment at issue states that Neptune would deposit the required funds into the registry of the court, and would confess judgment when there was a determination of the Sheriff's legal right to assess a fee. There was no determination of the Sheriff's legal right in this case, and therefore Neptune had not confessed judgment that Sheriff Lee was entitled to the funds deposited.
Sheriff Lee argues that abandonment of the action is tantamount to a final judgment on the issues presented, and thus the Sheriff's office is entitled to the funds on deposit. However, we are of the opinion that the judgment of dismissal operates only as a final adjudication of the issue of whether the matter was abandoned, and not on the merits of the underlying issues.[2] The conditions as stated in the consent judgment not having been fulfilled, namely that there was no adjudication of the issue of Sheriff Lee's authority to assess the fees, the Sheriff has no right to the funds deposited into the registry of the court and Neptune is entitled to their return. The trial court did not err in ordering the Clerk of Court to return the funds that had been deposited into the registry of the court to Neptune.
For the above discussed reasons, the decision of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The plaintiffs' claims against the other defendants, the Parish of Jefferson and Henry Trapani, had been previously dismissed pursuant to an ex parte motion to dismiss filed by them by judgment rendered on July 6, 2004 (ordering dismissal with prejudice), and modified on October 7, 2004 (setting aside the first judgment and ordering that plaintiff's cause be dismissed without prejudice).
[2] In Domonter v. Breaux Bridge Partnership, 99-1226 (La.App. 3 Cir. 2/2/00), 758 So.2d 828, the court noted that an ex parte order dismissing an action due to abandonment did not determine the merits of the plaintiff's action.