FREDERICKA HOMBERG WICKER, Judge.
LThis appeal arises out of the granting of a Rule to Terminate Permanent Spousal Support. The issue before the Court is whether the trial court correctly determined that the permanent spousal support established in this case through a Consent Judgment could be terminated upon remarriage pursuant to Louisiana Civil Code article 115. For the reasons provided below, we find that the trial court was correct in its determination and affirm its judgment.

FACTS AND PROCEDURAL HISTORY

David John Rosenfeld and Melinda McLain Rosenfeld married on April 25, 1998. Of that marriage, one child was born, namely Emma Gabrielle Rosenfeld. On August 3, 2007, Mrs. Rosenfeld filed a “Petition for 102 Divorce, Interim and Final Support, Partition of Community Property and Restraining Orders.” The Rule for Permanent Spousal Support was set for hearing on July 28, 2009, before hearing officer Karl Hansen, Jr. On that date, the parties agreed to child custody and support arrangements and stipulated to permanent spousal support to be paid to Mrs. Rosenfeld in the amount of $3,000.00 per month for two years beginning August 1, 2009, and $2,000.00 per month thereafter for four years.
laOn March 23, 2010, Mr. Rosenfeld filed a Rule to Decrease Permanent Spousal Support asserting a decrease in his income affected his ability to pay the amount of spousal support to which the parties previously agreed. Subsequently, Mr. Rosen-feld filed a Motion to Set Visitation Schedule stating that since the date of the July 28, 2009, consent judgment he relocated to Atlanta, Georgia and the parties were unable to reach an agreement concerning visitation. Both matters were set for hearing on May 17, 2010, before hearing officer Karl Hansen, Jr. On that date, the visitation schedule was set and agreed to by the parties through Consent Judgment. However, the hearing officer continued the Rule to Decrease Spousal Support, noting that the trial judge should consider the issue of whether the spousal support was *1079 contractual in nature or subject to modification.
The record is unclear as to the date, but at some point in October of 2010, Mrs. Rosenfeld remarried. On October 15, 2010, Mrs. Rosenfeld filed a “Motion to Determine Whether the Spousal Support Agreed to by the Parties in July 2009 is Contractual Spousal Support and Thus not Subject to Modification.” On October 28, 2010, Mr. Rosenfeld filed a “Rule to Terminate Permanent Spousal Support” asserting that Mrs. Rosenfeld’s remarriage extinguishes his obligation to pay spousal support as a matter of law pursuant to La. C.C. art. 115. The trial court set both matters for hearing, the Honorable June Darensburg presiding, on December 14, 2010.
In support of her position, Mrs. Rosen-feld argues that the court should consider the July 28, 2009, consent judgment as a binding contract between the parties. She notes that public policy favors compromise and the finality of settlements and asserts that the consent judgment at issue is a compromise under La. C.C. art. 3071.
|4In support of his Motion to Terminate Permanent Spousal Support, Mr. Rosen-feld argues that consent judgments generally can be modified where a change in circumstances exists. Mr. Rosenfeld notes that the July 28, 2009, consent judgment at issue is silent regarding modification of its terms. Mr. Rosenfeld further asserts that he never intended to waive his statutory right to termination of spousal support upon remarriage as provided in La. C.C. art. 115.
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
Following the hearing, the trial judge took the matter under advisement. On January 8, 2011, the trial judge issued her ruling granting Mr. Rosenfeld’s Rule to Terminate Permanent Spousal Support, finding the La. C.C. art. 115 applies and extinguishes Mr. Rosenfeld’s obligation to pay spousal support as a matter of law.
On March 10, 2011, Mrs. Rosenfeld filed a Motion for Devolutive Appeal. It is noted that Mr. Rosenfeld filed a Motion to Dismiss Appeal, which was denied and referred to the merits by this Court on October 5, 2011. Mr. Rosenfeld asserts that La. C.C.P. art. 3943[1] applies to the judgment at issue, thereby providing appellant, Mrs. Rosenfeld, only 30 days to file this appeal from the expiration of the delay for applying for a new trial. Upon review of La. C.C.P. art. 3943, it is evident that the clear language of the article limits its application to judgments “awarding” spousal support; the judgment on appeal is a judgment terminating spousal support. Therefore, La. C.C. P. art. 3943 is inapplicable to the judgment on appeal. Accordingly, this Court finds that Mrs. Rosen-feld’s appeal was timely filed within the delays provided in La. C.C.P. art. 2087.[2]
*1080 | DISCUSSION
The Louisiana Supreme Court has addressed the issue of whether a consent judgment stipulating to the payment of spousal support may be altered and has pronounced that modification of such a consent judgment is permissible upon a showing of a change in circumstance of either party. Ducote v. Ducote, 339 So.2d 835, 837-38 (La.1976); Bernhardt v. Bernhardt, 283 So.2d 226, 228-29 (La.1973). The remarriage of the obligor spouse is not considered a change in circumstance sufficient to alter payment of spousal support. La. C.C. art. 114. Conversely, by operation of law and without need for judicial intervention, the obligation of spousal support is automatically extinguished upon the remarriage of the obligee spouse. La. C.C. art. 115.
In her brief to this Court, Mrs. Rosenfeld cites Hamsa v. Hamsa, 05-219 (La. App. 5 Cir. 12/27/05), 919 So.2d 776, to support her position that La. C.C. art. 115 should not apply when the parties have entered into a consent judgment agreeing to the amount and duration of spousal support payments. Hamsa involved a consent judgment containing a lump sum payment for spousal support, divided into monthly installments for a designated period of time, to settle thirteen (13) years of past due and owing spousal support payments as well as any and all future claims for support. In the consent judgment at issue in Hamsa, the court was unable to determine what amount of the lump sum payment provided for past due obligations and what amount was designated for future support obligations.
Generally, consent judgments are subject to modification or termination by a showing of a change in circumstance of either party, including termination of | ^support upon remarriage as provided for in La. C.C. art. 115. However, this Court, in Hamsa, created an exception providing that termination pursuant to La. C.C. art. 115 of a spousal support agreement reached through consent judgment is not proper when a “lump sum alimony judgment included a significant past obligation.” Hamsa at 779. On the record before us, there is no evidence that the amount of spousal support agreed to between the parties involved a significant past due obligation. Accordingly, we find the exception created in Hamsa inapplicable to the instant case.
In further support of her argument, Mrs. Rosenfeld asserts that the parties never intended to allow modification of the amount of spousal support agreed upon. At the hearing, Mrs. Rosenfeld testified to her understanding that the July 28, 2009 agreement between the parties as to spousal support was a final agreement creating a contract that could not be modified in any way. Mrs. Rosenfeld notes that she never sought an increase in spousal support and did not believe that she had the option to do so in light of the July 28, 2009, agreement. She further notes that she detrimentally relied upon the parties’ agreement to be treated as a final contract and would not have remarried had she known the payments could then terminate. [Mrs. Rosenfeld brought the concern of remarriage to her then attorney and was advised that the agreement was a final binding contract that could not be modified at any time.]
Louisiana appellate courts have generally pronounced that parties may restrict or waive their statutory rights to modify or terminate spousal support by providing explicit and clear written language evidencing them intent to do so. The jurisprudence demonstrates that a non-modification clause contained in a consent judgment will be enforced by Louisiana courts and prohibit modification of a spousal support agreement. See Twichell *1081 v. Twichell, 00-1248 (La.App. 5 Cir. 11/28/00), 772 So.2d 956, 958-59, writ denied, 01-0133 (La.3/23/01), 788 So.2d 428, writ denied, 01-0206 (La.3/23/01), 788 So.2d 429; Ellefson v. Ellefson, 92-963 (La.App. 5 Cir. 5/21/93), 616 So.2d 221, 223, writ denied, 93-1011 (La.5/21/93), 617 So.2d 1183 and reconsideration denied, 93-1011 (La.6/25/93), 620 So.2d 830; Megison v. Megison, 94-0152 (La.App. 5 Cir. 9/14/94), 642 So.2d 885; Williams v. Poore, 10-1087 (La.App. 4 Cir. 1/12/11), 55 So.3d 953; Bland v. Bland, 97-0329 (La.App. 1 Cir. 12/29/97), 705 So.2d 1158. However, absent such a clause or language expressly prohibiting modification, the Louisiana Supreme Court has dictated that a consent judgment stipulating spousal support is subject to modification or termination. Ducote v. Ducote, 339 So.2d 835, 837-38 (La.1976); Bernhardt v. Bernhardt, 283 So .2d 226, 228-29 (La.1973).
In this case, the July 28, 2009, consent judgment at issue is silent concerning modification or alteration of its conditions; there is no language indicating that either party intended to waive any statutory rights to modify, alter, or terminate spousal support. Louisiana Civil Code article 115[3] provides that, by operation of law, the obligation of a spouse to pay spousal support is extinguished upon remarriage of the obligee spouse. There is no express language in the July 28, 2009, consent judgment at issue indicating that Mr. Ro-senfeld waived the statutory protections provided by La. C.C. art. 115.
Under the Louisiana jurisprudence discussed above, this Court finds that the trial court was correct in its determination that La. C.C. art. 115 applies to the facts of this case and as a matter of law terminates any obligation of Mr. Rosenfeld to pay spousal support to Mrs. Rosenfeld following her remarriage. Accordingly, the judgment of the trial court is AFFIRMED.

AFFIRMED

. La. C.C.art. 3943 provides:
An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend execution of the judgment insofar as the judgment relates to custody, visitation, or support.
La. C.C. art. 3942 provides an appeal delay of thirty (30) days from the applicable date provided in La. C.C.P. art. 2087.

. La. C.C.P. art. 2087, in pertinent part, provides:

. La. C.C. art. 115 states that ”[t]he obligation of spousal support is extinguished upon the remarriage of the obligee, the death of either party, or a judicial determination that the obligee has cohabited with another person of either sex in the manner of married persons.”