# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**22-789**


**VICKIE ARDOIN ELLIOTT**

**VERSUS**

**KARL WAYNE ELLIOTT**

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## THIRTEENTH JUDICIAL DISTRICT COURT
## PARISH OF EVANGELINE, NUMBER 59,635-A
## HONORABLE MARCUS L. FONTENOT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHARON DARVILLE WILSON
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Sharon Darville Wilson, Judges.

**AFFIRMED.**

**Michael H. Davis**
**2017 MacArthur Drive**
**Building 4, Suite A**
**Alexandria, Louisiana  71301**
**(318) 445-3621**
**Counsel for Defendant/Appellant:**
     **Karl Wayne Elliott**

**John W. Tilly**
**KEATY & TILLY, LLC**
**2701 Johnston Street, Suite 307**
**Lafayette, Louisiana  70503**
**(337) 347-8995**
**Counsel for Plaintiff/Appellant:**
     **Vickie Ardoin Elliott**

**WILSON, Judge.**

Vickie Ardoin Elliott (Vickie) sought to reopen the community property partition, which was settled by a consent judgment, in order to include a pension plan that she alleged was purposely withheld from her former husband's sworn descriptive list. The trial court granted the exception of res judicata filed by Karl Wayne Elliott (Karl), and Vickie appealed. For the reasons that follow, we affirm the trial court's ruling.

I.

**ISSUES**

We must decide whether the trial court erred in its application of res judicata to dismiss Vickie's motion to reopen the community property partition, which did not include a pension plan from Shell held by Karl.

II.

**FACTS AND PROCEDURAL HISTORY**

The parties were married on November 30, 1974, and divorced by judgment signed on September 22, 1998. The parties entered into a consent judgment for the partition of their community property on July 11, 2000. That judgment stated:

> ordered, adjudged, and decreed that no further actions will be taken by either party to collect separate maintenance, retirement, or other benefits due either party and no further actions will be taken to obtain possession of any material good not currently held by the party.
>
> . . . .
>
> As a result hereof, the parties discharge each other from any further accounting to the community, which formerly existed between them, the same being fully liquidated as above set forth.

On April 1, 2022, nearly twenty-two years later, Vickie filed a motion to reopen the community property partition. Vickie alleged that in the summer of 2021, she learned that Karl purposely failed to disclose the existence of a pension

plan from Shell in the original community property partition. Her motion stated that she and Karl "have not been able to agree to an amicable community property partition and settlement of all claims between the parties arising from the matrimonial regime." The motion acknowledged that "[t]he parties have partitioned some of the property by way of a judicial community property partition bearing Evangeline Parish docket number 59,635, signed on or around the 11th day of July, 2000."[1] The prayer for relief did not ask that the consent judgment be annulled.

In response, Karl filed a peremptory exception of res judicata, alleging that the July 11, 2000 judgment barred Vickie from now seeking to collect retirement benefits that she claims were not known to her at that time. Karl argued that the consent judgment settled the claim of the parties to any retirement benefits and discharged each of them from any further accounting.

Following a hearing on the exception, the trial court took the matter under advisement. On July 27, 2022, the trial court issued written reasons for judgment, wherein it stated that it found the language of the consent judgment was "quite clear and convincing." On September, 23, 2022, the trial court signed a judgment granting the exception of res judicata and dismissing Vickie's motion to reopen the community property partition. Vickie timely perfected a devolutive appeal.

**III.**

**STANDARD OF REVIEW**

"The standard of review of a peremptory exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct." *Sutton v. Adams*, 22-1672, p. 3 (La. 3/7/23), 356 So.3d 1038, 1042 (emphasis in

---

[1] The motion to reopen the community property partition was filed in the same docket number as the divorce proceedings.

original).  Likewise, "[t]he determination of whether a contract is clear and unambiguous is a question of law." *Edwards v. Daugherty*, 03-2103, pp. 13-14 (La. 10/1/04), 883 So.2d 932, 941.  As such, "the applicable standard of review is whether the trial court was legally correct." *Lopez v. La. Citizens Prop. Ins. Corp.*, 18-841, p. 2 (La.App. 3 Cir. 3/27/19), 269 So.3d 825, 827.

## IV.

## LAW AND DISCUSSION

Karl contends that Vickie's motion to reopen the community property partition was properly dismissed on the grounds of res judicata because the consent judgment specifically included retirement benefits.

Louisiana Revised Statutes 13:4231 provides, in pertinent part, that:

a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of the judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

"The burden of proving the facts essential to support the objection of *res judicata* is on the party pleading the objection." *Pirosko v. Pirosko*, 22-1000, p. 9 (La.App. 1 Cir. 2/24/23), 361 So.3d 1011, 1018.  We note that Karl did not introduce the consent judgment into evidence at the hearing on his exception of res judicata.  The consent judgment was entered in the same proceeding as the instant exception, and the trial court could properly take judicial notice of its own proceedings.  *Pinegar v. Harris*, 06-2489 (La.App. 1 Cir. 5/4/07), 961 So.2d 1246.  We find that Karl's failure to introduce the consent judgment is not fatal to his exception because Vickie does not dispute the existence of, or the wording contained in, the consent judgment.

3

Vickie's argument is two-fold. She first contends that res judicata is inapplicable because the consent judgment does not include the Shell pension plan. She cites *Succession of Tucker*, 445 So.2d 510, 513 (La.App. 3 Cir.), *writ denied*, 447 So.2d 1077 (La.1984), for the proposition that a plaintiff is not precluded from seeking "a supplemental partition of an omitted asset which was never considered by the parties at the time of the original agreement." Vickie also cites *Moreau v. Moreau*, 457 So.2d 1285 (La.App. 3 Cir. 1984); *Moon v. Moon*, 345 So.2d 168 (La.App. 3 Cir.), *writs denied*, 347 So.2d 250 (La.1977) ; and *Corley v. Baden*, 00-1407 (La.App. 3 Cir. 2/28/01), 781 So.2d 768, *writ denied*, 01-853 (La. 5/25/01), 793 So.2d 163, as cases that allowed the reopening of a community property partition to partition certain retirement benefits. The language in those cases, however, did not specifically include retirement benefits.

Vickie then contends that the consent judgment should be annulled due to fraud; however, in her motion to reopen the community property partition, Vickie does not ask that the judgment be annulled.[2] She only prays that the trial court order the parties to file a sworn descriptive list of all community assets not previously partitioned and that the trial court then partition all remaining community property. Essentially, Vickie seeks to use her allegations of fraud as a defense to the exception of res judicata.

"A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit which each party

---

[2] We note that "[a] final judgment obtained by fraud or ill practices may be annulled." La.Code Civ.P. art. 2004(A). However, "[a]n action for nullity of a judgment pursuant to La.Code Civ.P. art. 2004 for vices of substance may not be brought by collateral attack but must be brought by direct action." *In re Succession of Bernat*, 13-277, p. 11 (La.App. 3 Cir. 10/9/13), 123 So.3d 1277, 1285, *writ denied*, 13-2640 (La. 2/7/14), 131 So.3d 865. "Thus, the party praying for the nullity of a relatively null judgment must bring his action by means of a petition, and the adverse party must be cited to appear, as in ordinary suits." *Smith v. LeBlanc*, 06-41, p. 6 (La.App. 1 Cir. 8/15/07), 966 So.2d 66, 72. The action cannot be brought in a summary proceeding. *Id.*

4

balancing the hope of gain against their fear of loss." *McDaniel v. McDaniel*, 567 So.2d 748, 750 (La.App. 2 Cir. 1990). "Consent judgments are given res judicata effect." *Hartwig Moss Ins. Agency, Ltd. v. Kelly*, 96-1423, p. 3 (La.App. 4 Cir. 1/29/97), 688 So.2d 196, 198.

Louisiana Civil Code Article 3073 provides that "[w]hen a compromise effects a transfer or renunciation of rights, the parties shall have the capacity, and the contract shall meet the requirement of form, prescribed for the transfer or renunciation." In *Robinson v. Robinson*, 99-3097, p. 18 (La. 1/17/01), 778 So.2d 1105, 1122, the Louisiana Supreme Court explained:

> In applying the rule of construction set forth in La Civ.Code art. 3073, courts are guided by the general principle "that the contract must be construed as a whole and in light of attending events and circumstances." *Succession of Teddlie,* 385 So.2d 902, 904 (La.App. 2d Cir.), *writ refused*, 393 So.2d 742 (La.1980); La Civ.Code art. 2050. Thus, the intent which the words of the compromise instrument express in light of the surrounding circumstances at the time of execution of the agreement is controlling. The meaning and intent of the parties to a written instrument, including a compromise, is ordinarily determined from the four corners of the instrument. *Maltby v. Gauthier,* 526 So.2d 455, 457 (La.App. 5th Cir.), *writ denied,* 531 So.2d 474 (La.1988); *Smith v. Leger,* 439 So.2d 1203 (La.App. 1st Cir.1983).

"Since public policy favors these compromise agreements and the finality of the settlements, the party seeking recision of a settlement agreement bears the burden of proving its invalidity." *Millet v. Millet*, 04-406, p. 4 (La.App. 5 Cir. 10/26/04), 888 So.2d 291, 293. "Consent may be vitiated by error, fraud, or duress." La.Civ.Code art. 1948.

Louisiana Civil Code Article 1953 defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." "In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind

5

of a person may be alleged generally." La.Code Civ.P. art. 856. "Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill." La.Civ.Code art. 1954.

Vickie cites *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 01-149, p. 6 (La. 10/16/01), 800 So.2d 762, 766:

> Louisiana jurisprudence sets forth two criteria to determine whether a judgment has been rendered through fraud or ill practices, and is thus subject to nullification: (1) whether circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief; and (2) whether enforcement of the judgment would be unconscionable or inequitable.

Vickie contends both elements are clearly met in this case and that her consent was vitiated because Karl either intentionally or inadvertently withheld the existence of the Shell pension plan. "[A] relative nullity involves a factual issue which must be proven by evidence placed in the record." *Smith*, 966 So.2d at 72. Vickie bears the burden of proof on this point, and she introduced no evidence to support her claims. In its reasons for judgment, the trial court acknowledged Vickie's arguments that her consent was vitiated by error or fraud and that the words of the judgment were confusing and should be construed against the party that drafted the judgment. The trial court concluded that the language was clear, and we agree.

## V.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment granting the exception of res judicata and dismissing the motion to reopen the community property partition. All costs of this appeal are assessed to the Plaintiff/Appellant, Vickie Ardoin Elliott.

**AFFIRMED.**

6