468 So.2d 810 (1985)
Daize (Daes) CHERAMIE, et al
v.
Raphael VEGAS, et al.
No. CA 84 0214.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
Writ Denied June 7, 1985.
*811 Harold L. Molaison, Gretna, and Ewell E. Eagan, Jr., New Orleans, for plaintiff-appellant Daize (Daes) Cheramie, et al.
Edward T. Diaz, Golden Meadow, for defendant-appellee Nolan Rogers.
William W. Rosen, New Orleans, and Robert B. Butler, III, Jerry H. Schwab, Houma, for defendant-appellee Raphael Vegas, et al.
*812 Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
This appeal arises out of a dispute concerning a boundary between two land owners in Lafourche Parish. Trial was set on the matter on March 31, 1976. In order not to delay the dispute any longer the parties negotiated a settlement concerning where the boundary between the two tracts of land should be located. A default judgment was entered against some defendants who had never entered the proceedings. The trial court also entered a judgment judicially establishing the location of the boundary in dispute. The judgment was prepared in accordance with the agreement the parties reached and was then read, approved, and signed by each attorney and the trial judge on May 21, 1976. The trial court directed a surveyor, John E. Walker, to monument the boundary line. After monumenting the boundary, another courtappointed surveyor, Carl Heck, approved the results of Mr. Walker.
On May 21, 1979 plaintiffs filed a "Rule to Show Cause" why the 1976 judgment should not be corrected to comply with the intent of the parties. Defendants in turn filed the dilatory exception raising the objection of unauthorized use of summary proceedings, La.Code Civ.P. art. 926, the peremptory exception raising the objections of no cause of action, no right of action, and res judicata, La.Code Civ.P. art. 927, and a motion for summary judgment, La. Code Civ.P. art. 966. The peremptory exception raising the objections of no cause of action, no right of action, and res judicata and the motion for summary judgment were denied and a hearing on plaintiffs' "Rule to Show Cause" why the 1976 judgment should not be corrected was heard on March 23 and 24, 1983. During the course of the hearing defendants made a Motion for Involuntary Dismissal and reurged the previously denied exceptions. The trial court granted defendants' motion to dismiss plaintiffs' suit on the grounds that plaintiffs failed to show any error in calculation of the boundary line either in its description in the 1976 judgment or in its monuments on the ground. The trial court stated the plaintiffs failed to show any loss of acreage resulting from any alleged miscalculation by the court-appointed surveyors. Additionally, the trial court granted defendants' peremptory exceptions raising the objection of res judicata, no cause of action and no right of action.
In their appellate brief plaintiffs merely assert issues involved in the case, however, our understanding of the case is such that plaintiffs essentially allege that there was an error made in the boundary description in the consent judgment of 1976, and that the error has deprived plaintiffs ownership of approximately 28 acres of land.

FINALITY OF THE 1976 JUDGMENT
The parties involved reached an agreement during the trial of this matter in 1976. This agreement was reduced to a judgment which each party reviewed and approved. The terms of the consent judgment were read aloud in open court, and a judgment subsequently signed by the trial judge.
A compromise agreement or judgment needs no other cause than a desire to adjust differences and put to rest all possibility of litigation. K.G. Farms, Inc. v. State of Louisiana Department of Transportation and Development, 402 So.2d 304 (La.App. 1st Cir.1981). Termination of over 20 years of litigation concerning the same boundary dispute is sufficient cause or consideration for entering into the 1976 consent agreement.

ALTERING A JUDGMENT
A judgment is a solemn adjudication of a court, settling the rights of the parties, as disclosed by the record, and which passes on the matters presented for determination. Breaux v. Laird, 230 La. 221, 88 So.2d 33 (La.1956). This consent judgment was designed and approved to bring an end to this extended litigation. This being a final judgment settling the rights of the parties, and however unjust, erroneous, or illegal the settlement may be *813 the parties can only claim under it that which, by its terms, the judgment awards. If changes are warranted, such must be effected before its finality within the ways and means provided by law. Lacaze v. Hardee, 7 So.2d 719 (La.App. 2nd Cir.1941).
The law affords a party several means in which to attack a judgment. A party may sue to have the judgment declared a nullity for vices in either form or substance. La. Code Civ.P. arts. 2001 et seq. Under article 2002 a final judgment shall be annulled if it is rendered: (1) against an incompetent person not properly represented as required by law; (2) against a defendant who has not been properly served with process and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or (3) by a court which does not have proper jurisdiction over the subject matter of the litigation.
In an action for nullity the specific requirements of article 2002 must be met. In this action there is no indication from the evidence or testimony that any of the elements required by article 2002 are present.
An aggrieved party may also apply for a new trial. A motion for new trial shall be granted if: (1) the finding of the trial court appears to be clearly contrary to the law and evidence; (2) when the party has discovered new evidence important to the case which could not be obtained before or during the trial; or (3) when the jury was bribed or behaved improperly so as to impair justice from having been done. La. Code Civ.P. art. 1972. A new trial may also be granted for any good ground, except as otherwise provided for by law. La. Code Civ.P. art. 1973. A motion for new trial shall be made within seven days, exclusive of legal holidays. La.Code Civ.P. art. 1974. Plaintiffs in this case did not meet the prescribed time delay of seven days. By not filing within the appropriate seven days plaintiffs have thereby forfeited the opportunity to now file for a new trial under La.Code Civ.P. arts. 1972 and 1973.
After a judgment is signed, a party may move for a judgment notwithstanding the verdict. The party must make this motion not later than seven days after the signing of the judgment, unless notice of the signing of the judgment is required under La. Code Civ.P. art. 1913, and in that case the motion must be made not later than seven days after the clerk has mailed or the sheriff has served the notice. La.Code Civ.P. art. 1811.
However, in the instant case plaintiffs may not make use of a judgment notwithstanding the verdict because there was not a jury verdict. A judgment notwithstanding the verdict is only available in those cases involving a jury trial.
A party may have the option to appeal a judgment which is adverse to him. There are two types of appeals provided for by the Louisiana Code of Civil Procedure. Article 2123 provides for a suspensive appeal provided the appeal is applied for within thirty days of the expiration of the delay for applying for a new trial. Article 2087 allows for a devolutive appeal to be taken within sixty days of the expiration of the delay for applying for new trial.
Plaintiffs allowed the time delays for both suspensive and devolutive appeals to run against them. Therefore, plaintiffs do not have the option of appeal available.
The remaining method of changing a judgment comes by way of Louisiana Code of Civil Procedure Article 1951, which allows the trial court to amend a judgment. A judgment may be amended under this article at any time by the court's own motion or the motion of any party. The use of article 1951 is limited to two situations: 1) to alter the phraseology of the judgment, but not the substance; or 2) to correct errors in calculation.
Plaintiffs attempted to show in the hearing that any changes made to express the true intent of the parties would be simply correcting errors in the court appointed surveyor's calculations. However, after a review of the case law we find that any correction of calculations would drastically *814 alter the substance of the judgment. The proposed correction would in effect move the boundary line between the parties tracts of land thereby involving approximately twenty-eight acres. Therefore, we see the proposed change in the consent judgment as a change in the substance of the judgment which is prohibited by La. Code Civ.P. art. 1951.
In light of the fact that the plaintiffs were not successful in utilizing the remedies afforded by law to change the judicial decree of 1976, the judgment is now a final judgment decreeing the rights of the parties by its terms.

EXCEPTIONS
The trial court sustained defendants' peremptory exception raising the objections of res judicata, no cause of action and no right of action.
The elements of res judicata are: (1) the thing demanded must be the same; (2) the demand must be founded upon the same cause of action; (3) the demand must be between the same parties and formed by them against each other in the same quality. La.Civ.Code art. 2286 redesignated as La.R.S. 13:4231. All of the essential elements of res judicata are present in this case. The parties are the same as in the 1976 case; the thing demanded is the same; and the cause of action is the same, i.e., the fixing of the boundary between the parties' tracts of land. Therefore, the trial judge was correct in sustaining defendants' peremptory exception raising the objection of res judicata.
The peremptory exception raising the objection of no cause of action tests the sufficiency of the petition in law, Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); is triable solely on the allegations of plaintiffs' petition, Geist v. Martin Decker Co., 313 So.2d 1 (La.App. 1st Cir.1975); must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based, i.e., unless the plaintiff has no cause of action under any evidence admissible under the pleadings, Darville v. Texaco, Inc., supra; and may be sustained only when the plaintiff is neither entitled to a judgment in any amount nor states a cause of action on any ground whatsoever under the facts alleged, McKey v. Dow Chemical Co., Inc., 295 So.2d 516 (La.App. 1st Cir.1974).
Because of the finality of the 1976 judgment, plaintiffs have no cause upon which to sue. Plaintiffs have allowed all time delays for new trial and appeals to lapse. Plaintiffs are not entitled to a judgment allowing them any relief. Therefore, the trial court was correct in maintaining defendants' exception.
The peremptory exception raising the objection of no right of action is to provide a threshold device for terminating suit brought by one without a legal interest to assert it. Favrot v. Favrot, 448 So.2d 187 (La.App. 1st Cir.1984). The objection of no right of action does not question the plaintiff's ability to succeed in his allegations, nor does it question the plaintiff's actual damages, but rather it questions whether the plaintiff is a member of the class to whom the law affords a remedy.
In the present case we are of the opinion the trial court erred in maintaining the peremptory exception raising the objection of no right of action. These plaintiffs are the proper persons to sue regarding this particular dispute. There are two tracts of land involved with two separate groups of owners. Similarly there can be only two parties which could legally be affected in this lawsuit. Because plaintiffs are the owners of one of the tracts of acreage they are the proper parties to whom the law would afford a remedy.
Therefore, for the above and foregoing reasons, the judgment of the trial court insofar as it maintained defendants' peremptory exception raising the objection of no right of action is reversed, but in all other respects, the judgment is affirmed.
REVERSED IN PART AND AFFIRMED IN PART.