FORET, Judge.
Plaintiff, Allied Finance Company of Louisiana, Inc., filed suit on a promissory note and chattel mortgage against the defendants, Bryan Staton and Phyllis Staton. Plaintiff filed a motion for summary judgment, and defendants, proceeding in proper person, filed motions for a trial by jury and to compel discovery. The trial court held a hearing on all three motions on November 22, 1985. The court denied defendants’ motions and, although there is an error in the court’s minutes indicating otherwise, the trial court granted plaintiff’s motion for summary judgment. Judgment was signed on December 10, 1985, in favor of plaintiff, Allied Finance Company, Inc., in the amount of $651.00, plus interest and attorney fees. From this judgment, defendants appeal.
On July 12, 1983, defendants signed a promissory note made payable to the order of Allied in the sum of $3,663.83, plus interest. By July 6, 1985, the balance due on the note was $651. At that time, the defendants attempted to make a final payment by giving a document to Allied which purported to be a money order. The document bore the designation “Louisiana Public Office Money Order” and was payable to the order of Allied in the amount of $651. Believing the document to be a legitimate money order and redeemable for cash, Allied accepted the document and returned the original promissory note and the title to the car subject to the chattel mortgage to defendants. Allied later discovered that the document was a contrivance and was not redeemable in cash at any bank, or through any person or institution. Allied then instituted the instant suit.
Defendants’ complaints on appeal can be condensed into four arguments, the first of which is that the trial court should have compelled answers to their discovery request. This argument contains no merit as the discovery sought by them was irrelevant to the issues before the trial court and was not reasonably calculated to lead to the discovery of admissible evidence. LSA-C.C.P. art. 1422.
Defendants next contend that the trial court erred when it denied them a trial by jury. Contrary to defendants’ contention, there is no absolute right to a trial by jury. Trial by jury is not available when the amount in dispute does not exceed $10,-000, exclusive of interest and costs. LSA-C.C.P. art. 1732. The principal demand in this suit was $651.00, far below the $10,000 required by Article 1732.
Defendants also contend that the motion for summary judgment was improperly granted. This claim has no merit as sufficient evidence was presented, uncontested by defendants, for the trial court to find that there was no genuine issue as to a material fact, and that plaintiff was entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
Finally, defendants contend that the trial court acted in bad faith and prejudicial to them in its conduct of their suit. The record is devoid of any indication of misconduct by the trial court and, in their brief, defendants provide no support for their contention. In point of fact, what defendants’ brief does reveal is a clear misunderstanding of the trial judge’s proper role in a judicial proceeding. Having undertaken to represent themselves, defendants could not expect the trial judge to advocate their cause for them. It seems that it is, at least in part, this misunder *181 standing with respect to the trial judge’s proper role which has caused defendants to mistakenly believe that the trial court acted in bad faith. Their claim of bad faith and prejudice is baseless. In all respects, the actions of the trial court were proper.
In its brief, plaintiff has asked this Court to award it damages for a frivolous appeal. Plaintiff, however, has not appealed nor answered defendants’ appeal. An appellate court may not award damages for frivolous appeal unless the appellee has raised the issue in an independent appeal or an answer to appellant’s appeal. LSA-C. C.P. art. 2133; Cheramie v. Vegas, 413 So.2d 1343 (La.App. 1 Cir.1982), appeal after remand, 468 So.2d 810, writ denied, 470 So.2d 122 (La.1985). Therefore, although we think plaintiff’s request for damages for frivolous appeal otherwise has merit, we must reject it.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendants-appellants.
AFFIRMED.