958 So.2d 31 (2007)
Johanna Durel PEELER and Beatrice Dural Clouatre
v.
Michael J. DURAL and Barbara Durel Rystrom.
No. 06-CA-936.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2007.
*32 Harold E. Molaison, New Orleans, Louisiana, for Plaintiff/Appellee.
Warren P. Villemarette, Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
This appeal arises from a dispute between the Defendants, Michael Durel and Barbara Durel Rystrom, and their siblings, *33 Plaintiffs, Johanna Durel Peeler and Beatrice Durel Clouatre, relative to distributions from a Sheriff's sale of their deceased parents' estate property. We affirm in part and remand for further proceedings.
In 2001, in the succession of Rene J. Durel, the executor applied for authority to enter into an environmental remediation process to remedy problems on the property owned by the deceased.[1] Two of the legatees, the Plaintiffs here, initially objected, but the parties subsequently entered into a consent judgment. Among other items, the parties agreed that if, in the future, the property was partitioned by licitation and purchased by one or more of the heirs, the purchasing heir(s) would pay reimbursement to the other heirs their pro-rata one-fourth individual shares of the estate funds that had been expended for the remediation ($22,091.40).[2]
Three years later, in January of 2004, the Plaintiffs filed a petition for partition by licitation of the property, which was granted. The judgment was presented to the Sheriff to sell the property. Due to the request of the Sheriff for more information and instructions, in September of 2004, the parties entered into a consent judgment (hereinafter referred to as the second consent judgment) clarifying the terms and instructions for the sale. Included among the terms of the second consent judgment, the parties agreed that any party to the litigation acquiring the property was to be given a credit for their individual 25% interest in the property; for the Defendants' share of the funds to be paid to First American Exchange Company for the purpose of perfecting a 1031 Tax Deferred Exchange; and for Plaintiffs' funds to be paid directly to them, without being subject to a 1031 Tax Deferred Exchange. However, the case and court numbers were incorrect, and the judgment was subsequently amended to correct the errors.
The property was subsequently sold at a Sheriff's sale to the Plaintiffs for $400,000. Following receipt of the proces verbal of sale prepared by the Sheriff, the Defendants filed a motion to rescind the sale, or to amend the calculations of the proces verbal due to numerous alleged errors in the Sheriff's calculations of assessments and costs. The Defendants further asserted that the Plaintiffs owed them $11,045.70 for the remediation reimbursements from the sale proceeds, pursuant to the consent judgment of 2001.
In August of 2006, the Plaintiffs filed exceptions of res judicata and no cause of action. The Plaintiffs argued that the Defendant should have raised the right to the $11,000 for their pro-rata share of the remediation expenses in response to the petition for partition by licitation and/or prior to the Sheriff's sale when the second consent judgment to clarify the Sheriff's terms of sale was confected.
On March 29, 2006, the trial judge granted the exception of res judicata, and denied the Defendants' motion, for the reason that the Defendants failed to reserve their rights to the reimbursements in response to the petition for partition, or in any other manner prior to the Sheriff's sale.
On appeal, the Defendants contend that the trial judge erred in granting the peremptory exception of res judicata, because the exception is inapplicable to these facts. *34 They further contend that the first consent judgment is final and enforceable by summary proceeding, and that their right to enforce the judgment was not waived.
1) Res Judicata
La.R.S. 13:4231 states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. [Emphasis added.][3]
In Burguieres v. Pollingue, 02-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053 the Supreme Court set forth five criteria that must be met for a matter to be considered res judicata:
(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. [Emphasis added.]
The motion in this case is not a second litigation, but arises from the events of the instant suit. Thus, we find that exception of res judicata does not apply.
Furthermore, the Defendants are not contesting either the judgment ordering the partition, or the second consent judgment. They are raising, by summary proceedings (in a motion), the enforcement of the first consent judgment of 2001.[4] The only question here is whether the Defendants waived their right to demand enforcement of the first consent judgment by not reserving their rights, or otherwise making a claim prior to the Sheriff's sale.
2) Consent Judgment of 2001
A judgment is a solemn adjudication of a court, settling the rights of the parties, as disclosed by the record, and which passes on the matters presented for determination. Breaux v. Laird, 230 La. 221, 88 So.2d 33, 39 (1956); Cheramie v. Vegas, 468 So.2d 810, 812 (La.App. 1st Cir.1985).
*35 A consent judgment is a bilateral contract in which parties adjust their differences by mutual consent, thereby putting an end to a lawsuit with each party balancing hope of gain against fear of loss. La.C.C. art. 3071; Plaquemines Parish Government v. Getty Oil Co., 95-2452 (La.5/21/96), 673 So.2d 1002, 1006; Preston Oil Co. v. Transcontinental Gas Pipe Line Corp., 594 So.2d 908, 913 (La.App. 1st Cir.1991). Whether a judgment results from the assent of the parties or is the result of a judicial determination after a trial on the merits, it is accorded sanctity under the law. Preston Oil Co., 594 So.2d at 913.
A consent judgment has binding force from the presumed voluntary acquiescence of the parties and not from adjudication by the trial court. Martin Forest Products v. Grantadams, 616 So.2d 251, 253 (La.App. 2nd Cir.1993), writ denied, 619 So.2d 580 (La.1993). It is simply a judgment which recognizes that the parties have entered into an agreement which will end the dispute in the lawsuit and authorize its dismissal. It has attributes both of contracts and of judicial decree. Deville v. Rapides Area Planning Com'n, 97-1437, p. 9 (La.App. 3rd Cir.6/17/98), 715 So.2d 577, 581.
A consent judgment can be enforced by summary proceedings. Preston Oil Co., 594 So.2d at 914. A summary proceeding can be commenced by the filing of a contradictory motion, or by rule to show cause. La.C.C.P. art. 2593. Exceptions shall be filed prior to the hearing and shall be disposed of on the trial. Id. Although a defendant can file an answer in a summary proceeding, an answer is not required. C.C.P. art. 2593.[5] However, since there is no law mandating that the consent judgment can only be enforced through summary proceedings, enforcement of the consent judgment could also be brought under ordinary proceedings.
The 2001 consent judgment in this case is an aleatory contract, which simply means it depended upon the uncertain act, i.e. the future purchase of the property by one of the heirs. See: La.C.C. art. 1880. Because this was an uncertain act, the right to enforce it did not arise until the Plaintiffs purchased the property at the Sheriff's sale. Since a consent judgment is enforceable at any time by way of summary proceeding, but can also be brought by ordinary proceedings, we find the Defendants were not required to reserve their rights or otherwise make a demand prior to the occurrence of the Sheriff's sale, the uncertain event contemplated in the 2001 consent judgment.
Furthermore, the second consent judgment was not a substitution, or novation, of the original agreement. Under the Civil law, a novation of an agreement takes place when the parties agree to substitute a new obligation for an existing obligation. La.C.C. art. 1879. The new agreement extinguishes the first obligation. Id. However, "The intention to extinguish the original obligation must be clear and unequivocal. Novation may not be presumed." La. *36 C.C. art. 1880.[6] Mere modification of an obligation, made without intention to extinguish it, does not effect a novation. La. C.C. art. 1881.[7] In this case, there is no express intent by the parties to novate the first consent judgment.
While we find that the Defendants' have not lost their right to enforce the terms of the first consent judgment, we also find that the money due under that agreement is not to be deducted from the Sheriffs sale. The second consent judgment was confected for the sole purpose of informing the Sheriff what funds to collect at the sale, and how to disperse those funds after the sale. Since the $11,000 for the Defendants' proportional share of the remediation expenses were not included in the list of possible disbursements, the Defendants are not entitled to recover the remediation reimbursements from the sale proceeds.
Nevertheless, as we have already stated, the summary proceeding for enforcing the terms of the 2001 consent judgment to obtain the remediation reimbursements is still viable, and is, therefore, pending in the trial court. Thus, we will affirm the judgment insofar it denies the Defendants' demand for the remediation reimbursements from the proceeds of the Sheriff's sale, but will remand for further consideration by the trial judge of the motion to enforce the consent judgment of 2001. See: La.C.C.P. art. 2164.[8]
Accordingly, the judgment is affirmed insofar it denies the Defendants' demand for the remediation reimbursements from the proceeds of the Sheriffs sale. The case is remanded for consideration by the trial judge of the pending motion to enforce the consent judgment of 2001. Costs of the appeal are to be divided between the parties.
AFFIRMED IN PART; CASE REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Durel's wife predeceased him.
[2] La.C.C. art. 811. Under the article, the proceeds of a partition by licitation are to be distributed to the co-owners in proportion to their shares.
[3] R.S. 13:4231 and amended La.C.C.P. art. 1061 are to be read together. C.C.P. art. 1061 B states that the defendant in the principal action, except in an action for divorce under Civil Code Article 102 or 103, shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action (emphasis added).
[4] A valid compromise can form the basis of a plea of res judicata because a compromise has the legal efficacy of a judgment. Brown v. Drillers, 93-1019, p. 6 (La.01/14/94), 630 So.2d 741, 747; Hamsa v. Hamsa, 05-219, p. 5 (La.App. 5th Cir.12/27/05), 919 So.2d 776, 778. The 2001 consent judgment is res judicata, since it is now final.
[5] A consent judgment is generally not appealable, unless the judgment lacked the prerequisite consent. La. C.C.P. art. 2085; In re Succession of Sewell, 39,275, p. 4 (La.App. 2nd Cir.12/22/04), 895 So.2d 14, 17; Pittman v. Pittman, 01-2528, pp. 3-4 (La.App. 1st Cir.12/20/02), 836 So.2d 369, 372 writ denied, 03-1365 (La.9/19/03), 853 So.2d 642. The lack of prerequisite consent can be evidenced by the filing of a motion for new trial. Sewell, 39,275 at p. 4, 895 So.2d at 17; Polk v. Polk, 98-1788, p. 4 (La.App. 3rd Cir.3/31/99), 735 So.2d 737, 739. A consent judgment can also be challenged for fraud, or for vices in either form or substance. La.C.C.P. art. 2001 et seq.; Preston Oil Co., 594 So.2d at 913; Cheramie v. Vegas, 468 So.2d at 813.
[6] A novation can be objective or subjective. Pertinent here, an objective novation takes place when the parties agree to substitute a new performance or a new cause for the original obligation. But, the entire obligation must be changed. La.C.C. art. 1881. There is no novation if any substantial part of the original performance is still owed. Id. Furthermore, the parties' intent to novate an obligation must be expressly declared. C.C. art. 1881.
[7] Novation applied to all types of obligations. See: Albarado v. State Farm Mut. Auto Ins. Co., 05-1084 (La.App. 3rd Cir.4/5/06), 926 So.2d 94 [settlement agreements]; LaGrange v. Dynamic Industries, Inc., 04-100 (La.App. 3rd Cir.6/9/04), 875 So.2d 1059, 1061[employment contract]; Bradford v. Onshore Pipeline Const. Co., Inc., 37,421 (La.App. 2nd Cir.8/22/03), 853 So.2d 756, [breach of mineral leases]; Sandi v. Palmer, 98-34 (La.App. 5th Cir.5/27/98), 713 So.2d 822, [contract for trust fund]; Jordan v. Louisiana Gaming Control Bd., 98-1122, 98-1133 (La.5/15/98), 712 So.2d 74 [casino gaming contract].
[8] La.C.C.P. art. 2164 authorizes the appellate court to render any judgment which is just, legal, and proper upon the record on appeal.