CLARENCE E. McMANUS, Judge.
 

 12PIaintiffs appeal from two trial court rulings, the first denying their motion to vacate the settlement agreement, and the second granting defendants’ motion to enforce settlement, and ordering plaintiffs to comply with the terms of the Consent Judgment entered into between the parties. For the reasons that follow, we affirm the decision of the trial court. In addition, defendants filed a motion to dismiss the appeal, which was referred to the merits for consideration. We deny the motion to dismiss.
 

 This case arises out of a boundary dispute between plaintiffs, Willie Green, Jr. and his spouse, Betty Townsend Green, and defendants Jessie Lee Holmes, Mable Holmes and Michael Black.
 
 [1]
 
 The parties each own adjoining properties. Both parties claim ownership of a portion of the land that runs alongside each of their properties, either by title or by acquisitive prescription.
 

 Trial commenced on July 14, 2009, and the plaintiffs presented their case. After the plaintiffs rested, the defendants called one witness and then a recess was taken. When trial recommenced, counsel for the plaintiffs stated that a settlement agreement had been reached between the parties. The agreement, which was read | ¿¡into the record, provided that defendants would purchase the two lots adjoining their property from plaintiffs for $7,500.00; that plaintiffs would arrange for survey rods to be placed identifying the comers of the transferred lots and plaintiffs remaining property, the cost of which was to be shared equally by plaintiffs and defendants; and that defendants would place a fence along the property line between the transferred plots and plaintiffs’ remaining property at their expense.
 

 After the consent agreement was read into the record, each party was questioned as to whether they had heard the terms and conditions and whether they were in agreement with same. Each party responded that they heard the terms and conditions and were in agreement with
 
 *3
 
 them. The Consent Judgment was reduced to writing and rendered by the Court on July 20, 2009. The attorneys for both plaintiffs and defendants placed their signatures on the judgment, indicating that it had been “Approved as to Form and Content.”
 

 On July 28, 2009, the plaintiffs filed a motion to vacate the Consent Judgment, alleging that their consent to the judgment was not valid as it was obtained under fraud and/or duress. The motion to vacate was denied by the trial court on August 18, 2009. Plaintiffs filed a timely motion for appeal from that judgment and were granted a devolutive appeal.
 

 On September 25, 2009, the defendants filed a motion to enforce the settlement agreement. Defendants also alleged that plaintiffs breached their duty of good faith and fair dealings, and therefore should be assessed with attorney fees and costs. That matter was heard on May 26, 2010, and on June 14, 2010, the trial court granted defendants’ motion to enforce the settlement agreement. Plaintiffs filed a timely motion from that judgment and were granted a suspensive appeal.
 

 J^MOTION TO DISMISS APPEAL
 

 On December 22, 2010, defendants filed a motion to dismiss appeal in this court, citing LSA-C.C.P. art. 2085. The motion was referred to the merits of the appeal by order of this Court on January 7, 2011. After consideration, we deny the motion to dismiss.
 

 LSA-C.C.P. art. 2085 provides in part that “An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.”
 

 Defendants argue that plaintiffs consented in the judgment against them, and therefore cannot appeal from that judgment. In support of their contention, they cite
 
 Guidry v. Sothern,
 
 98-1152 (La.App. 1 Cir. 5/14/99), 734 So.2d 928. In the
 
 Gui-dry
 
 case, the court found that a motion to vacate was not the appropriate remedy for a party seeking to set aside a final judgment and that the only remedy available is an action in nullity pursuant to LSA-C.C.P. art. 2001, et seq. See also
 
 Johnson v. Cain,
 
 08-0936 (La.App. 1 Cir. 11/14/08), 999 So.2d 51,
 
 writ denied,
 
 09-0295 (La.4/3/09), 6 So.3d 773.
 

 In this case, the plaintiffs allege that the consent judgment was obtained by fraud and/or duress. A final judgment obtained by fraud or ill practices is not an absolute nullity; the nullity must be properly decreed within the time prescribed. LSA-C.C.P. art. 2004. The party seeking vacation of a relatively null judgment must bring his action by means of a petition, and the adverse party must be cited to appear, as in ordinary suits. However, a direct action can be brought by filing a separate proceeding or by the filing of a pleading in the same proceeding as that in which the offending judgment was rendered.
 
 Mooring Financial Corp. 401(K) Profit Sharing Plan v. Mitchell,
 
 08-1250 (La.App. 4 Cir. 6/10/09), 15 So.3d 311, 318;
 
 Smith v. LeBlanc,
 
 06-0041 (La.App. 1 Cir. 8/15/07), 966 So.2d 66, 71-72.
 

 | sHere, the plaintiffs’ action for nullity was brought by a Motion to Vacate the Consent Judgment, and service was requested on defendants’ counsel of record. Defendants did not object to the motion, and did in fact appear and defend the consent judgment. To the extent that this procedure may not have been in accordance with the requirements of LSA-C.C.P. art. 2004, because no objection was made to the procedure employed, any error in this regard is considered waived. See
 
 Russland Enterprises, Inc. v. City of
 
 
 *4
 

 Gretna,
 
 98-676 (La.App. 5 Cir. 1/26/99), 727 So.2d 1223, 1226,
 
 writ denied,
 
 99-0980 (La.5/28/99), 743 So.2d 669.
 

 Having received judgments that first denied their request to annul the consent judgment on the basis of fraud and/or duress and second ordered enforcement of that consent judgment, the plaintiffs are entitled to appeal from those judgments. Accordingly, we deny the motion to dismiss the appeal.
 

 MERITS OF THE APPEAL
 

 In this appeal, plaintiffs allege that the trial' court erred in failing to vacate the Consent Judgment of July 20, 2009. They allege that the trial court erred in failing to vacate the Consent Judgment on the grounds that defendants breached the consent agreement by failing to timely tender payment and also that plaintiffs consent was obtained by fraud and/or duress. They also challenge the trial court’s ruling enforcing that Consent Judgment.
 

 A judgment is a solemn adjudication of a court, settling the rights of the parties, as disclosed by the record, and which passes on the matters presented for determination.
 
 Peeler v. Dural,
 
 06-936 (La.App. 5 Cir. 4/11/07), 958 So.2d 31, 34. Whether a judgment results from the assent of the parties or is the result of a judicial determination after a trial on the merits, it is accorded sanctity under the law.
 
 Id.
 
 at page 35.
 

 IrA Consent Judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. As such, it should be governed by the same rules of construction that apply to contracts.
 
 Nelson v. Nelson,
 
 08-85 (La.App. 5 Cir. 6/19/08), 985 So.2d 1285, 1290.
 

 Consent may be vitiated by error, fraud or duress. LSA-C.C. art. 1948. A settlement can be set aside when there was error as to the person or matter in dispute, fraud, or violence in the execution of the agreement, or where the agreement is against public policy.
 
 Millet v. Millet,
 
 04-406 (La.App. 5 Cir. 10/26/04), 888 So.2d 291, 293-4.
 

 At the hearing on the motion to vacate, Betty Green testified that shortly after the agreement was reached, she called counsel and informed him that she did not believe that her consent to the settlement agreement was freely and voluntarily given. She stated that she agreed to the settlement because both the trial court and her attorney told her she had to settle, and that she felt that she was not allowed to question either her attorney or the trial judge. She also stated that she informed her counsel that she wanted to go to trial. On cross examination, Betty Green admitted she agreed in open court, and that she signed the consent judgment. She also admitted that she was not threatened in any way to sign the agreement.
 

 Reverend Green testified that during the trial of this matter, settlement negotiations occurred on three occasions. During each session, he was told that he had to settle, and also on each occasion he made it clear that he wanted to go to trial. On cross examination, Reverend Green also admitted that he agreed in open court, and that he signed the consent judgment. He further admitted that he was not threatened in any way to sign the agreement.
 

 |7The trial court
 
 [2]
 
 denied the motion to vacate the Consent Judgment, stating that:
 

 
 *5
 
 The Court finds it is a valid consent. The Court questioned the parties the morning of trial whether or not they had agreed freely and voluntarily to the stipulations made by [defense counsel]. At that time they both said under oath that they agreed, and that it was their wishes to go ahead and settle. The Court finds it was a valid consent judgment.
 

 The standard of review to be utilized by this Court is as follows:
 

 In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-elearly wrong standard, which precludes the setting aside of a district court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. The reviewing court should affirm the district court where the district court judgment is not clearly wrong or manifestly erroneous. (Citations omitted.)
 

 Nelson, supra
 
 at 1289, citing
 
 Hall v. Folger Coffee Company,
 
 03-1734 (La.4/14/04), 874 So.2d 90, 106.
 

 After careful review, we cannot say that the district court was clearly wrong or manifestly erroneous in its determination that both Reverend Green and Betty Green freely and voluntarily consented to the settlement agreement at issue. Accordingly, we find no error in the trial court’s denial of the motion to vacate the Consent Judgment rendered on August 18, 2009, and no error in the trial court’s grant of the motion to enforce the Consent Judgment rendered on June 14, 2010.
 

 For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against the appellant.
 

 MOTION TO DISMISS DENIED; AFFIRMED
 

 [1]
 

 . Plaintiffs also named as defendants Kizzie B. Ellison, improperly identified as Alice Kiz-zie Elson Holmes, and Manuel Holmes, Parents of Jessie Lee Holmes and Mable Holmes. Both parties are deceased.
 

 [2]
 

 . The trial judge that presided over the trial, and therefore the entry of the consent judgment into the record, was the same judge that
 
 *5
 
 presided over the motion to vacate the consent judgment.