NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-574

SUCCESSION OF RHODA EVELYN SNYDER DAVIS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 50251
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

APPEAL DISMISSED.

**David F. Dwight**
**1400 Ryan St.**
**Lake Charles, LA 70601**
**(337) 439-3138**
**COUNSEL FOR APPELLEE:**
**Yvette Danielle Davis Gorsulowsky**

**Kenneth Michael Wright**
**203 West Clarence St.**
**Lake Charles, LA 70601**
**(337) 439-6930**
**COUNSEL FOR APPELLANT:**
**Ricky Davis**

**EZELL, Judge.**

Ricky Davis appeals the decision of the trial court below placing his niece, Yvette Davis Gorsulowsky, in possession of real property bequeathed to her by her grandmother, Rhoda Davis. For the following reasons, we dismiss Mr. Davis's appeal.

Rhoda Davis died on November 29, 2010. She left an olographic will dispensing of her property. She left her son, Ricky Davis, a house and property in Sulphur, Louisiana. Mrs. Davis also left property located at 534 Landry Lane in Sulphur, Louisiana, to her granddaughter, Mrs. Gorsulowsky. That property was described as:

> 0.3 acres, more or less, situated in the Southeast Quarter of the Southeast Quarter of Section 25, Township 9 South, Range 10 West, follows: Commencing at the Southwest corner of said Southeast Quarter of the Southeast Quarter; thence S 89°35'00" E for a distance of 33.0 feet; thence N 00°25'40" E for a distance of 145 feet to the point of beginning; thence continue N 00°25'40" E for a distance of 75.0 feet; thence N 72°55'31" E for a distance of 81.9 feet; thence S 88°21'58" E for a distance of 117.9 feet; thence S 00°25'00" W for a distance of 37.0 feet; thence N 89°35'00" W for a distance of 90.0 feet; thence S 00°25'00" W for a [d]istance of 60.00 feet; thence S 89°35'02" E for a distance of 106.0 feet to the point of beginning, containing 0.3 acres, more or less.

Mr. Davis, who was appointed as executor of the will by the trial court, never placed Mrs. Gorsulowsky in possession of the land left to her.

In August 2014, almost four years after her grandmother's death, Mrs. Gorsulowsky filed a petition in the trial court requesting that Mr. Davis show why he should not place her in possession of the property. The trial court held a hearing, and upon a stipulation raised by Mr. Davis's counsel, granted Mrs. Gorsulowsky's motion, and placed her in possession of the land. From that decision, Mr. Davis appeals.

Before us on appeal, Mr. Davis claims that the trial court committed an error in granting Mrs. Gorsulowsky's motion for judgment of possession, claiming there

are several technical requirements that have not yet been satisfied that need to be fulfilled before Mrs. Gorsulowsky can take possession of the house.

> A judgment is a solemn adjudication of a court, settling the rights of the parties, as disclosed by the record, and which passes on the matters presented for determination. *Breaux v. Laird,* 230 La. 221, 88 So.2d 33, 39 (1956); *Cheramie v. Vegas,* 468 So.2d 810, 812 (La.App. 1st Cir.1985).
>
> A consent judgment is a bilateral contract in which parties adjust their differences by mutual consent, thereby putting an end to a lawsuit with each party balancing hope of gain against fear of loss. La.C.C. art. 3071; *Plaquemines Parish Government v. Getty Oil Co.,* 95-2452 (La.5/21/96), 673 So.2d 1002, 1006; *Preston Oil Co. v. Transcontinental Gas Pipe Line Corp.,* 594 So.2d 908, 913 (La.App. 1st Cir.1991). Whether a judgment results from the assent of the parties or is the result of a judicial determination after a trial on the merits, it is accorded sanctity under the law. *Preston Oil Co.,* 594 So.2d at 913.
>
> A consent judgment has binding force from the presumed voluntary acquiescence of the parties and not from adjudication by the trial court. *Martin Forest Products v. Grantadams,* 616 So.2d 251, 253 (La.App. 2nd Cir.1993), *writ denied,* 619 So.2d 580 (La.1993). It is simply a judgment which recognizes that the parties have entered into an agreement which will end the dispute in the lawsuit and authorize its dismissal. It has attributes both of contracts and of judicial decree. *Deville v. Rapides Area Planning Com'n,* 97-1437, p. 9 (La.App. 3rd Cir.6/17/98), 715 So.2d 577, 581.

*Peeler v. Dural*, 06-936, pp. 5-6 (La.App. 5 Cir. 4/11/07), 958 So.2d 31, 34-35.

Pursuant to La.Code Civ.P. art. 2085, "[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." *See also Francis v. O'Neal,* 26, 193, 26, 194 (La.App. 2 Cir. 10/26/94), 645 So.2d 236; *Cowart v. Martin,* 358 So.2d 652, (La.App. 1 Cir. 1978). Furthermore, where there is no right to appeal, an appellate court may dismiss an appeal, at any time, on its own motion. La.Code Civ.P. art. 2162; *See also Adams v. St. Tammany Parish Police Jury,* 93-717 (La.App. 1 Cir. 4/8/94), 636 So.2d 1003.

2

Mr. Davis claims there are procedural requirements that were unsatisfied prior to the trial court granting the judgment of possession. However, the record is clear that the Mr. Davis not only failed to raise those alleged issues before the trial court, he in fact consented to Mrs. Gorsulowsky being placed in possession of the property. Furthermore, his counsel was the one who first suggested this relief, stating before the trial court:

**MR. WRIGHT:**
Your Honor, we don't have a problem with placing her in possession if -- but, you know, the question is if she wants be placed in possession purely, simply, and unconditionally.
Is that what she wants, David?

**MR. DWIGHT:**
We would take that, yes.

**MR. WRIGHT:**
We will do it. We will place her in possession of her legacy purely, simply, and unconditionally.

Although not specifically termed a consent judgment, this particular judgment was in effect a consent judgment. The consent judgment at issue was a final judgment as between the parties. Moreover, it was sought by and stipulated to by Mr. Davis. Thus, the judgment was not appealable. Since Mr. Davis has no right to appeal this judgment, we will dismiss the appeal.

For the above and foregoing reasons, the appeal filed by Mr. Davis is dismissed at his cost.

**APPEAL DISMISSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

3