CURTIS JOSEPH LAWRENCE

VERSUS

ASHTON PLANTATION HOME OWNERS
ASSOCIATION, INC.

NO. 22-C-122

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 86,580, DIVISION "E"
HONORABLE TIMOTHY S. MARCEL, JUDGE PRESIDING

June 28, 2022

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and Hans J. Liljeberg

**<u>AFFIRMED</u>**

**SJW**
**MEJ**
**HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
CURTIS JOSEPH LAWRENCE
Michael G. Bagneris
John O. Pieksen, Jr.

COUNSEL FOR DEFENDANT/RESPONDENT,
ASHTON PLANTATION HOME OWNERS ASSOCIATION, INC.
Louis G. Authement

**WINDHORST, J.**

Relator, Curtis Lawrence, seeks review of the trial court's February 14, 2022 judgment (hereafter "the judgment"). Although the trial court was not sufficiently convinced that relator contumaciously failed to comply with the mandates of the prior consent judgment and did not hold him in contempt, the court found that relator was nonetheless obligated to perform everything the consent judgment had ordered and to which he had agreed, as well as damages to which he had agreed in the event of non-performance. Accordingly, the trial court rendered judgment awarding executory damages commensurate with those previously specified in the consent judgment. For the reasons stated herein, we find no error in the trial court judgment.

**Factual and Procedural Background**

Respondent, Ashton Plantation Home Owners Association, Inc., filed a petition and amended petition for permanent injunction against relator in 2019 and 2020 respectively. Trial was set on January 19, 2021. In lieu of a trial, the parties reached a compromise (hereafter "the Stipulations") whereby relator stipulated that he violated the restrictions as alleged in the petitions, and relator was given an additional six months to resolve the violations. The Stipulations further provided that if relator did not resolve said violations, a trial was set for July 23, 2021. Relator again failed to resolve said violations. On July 23, 2021, in lieu of the trial, the parties entered into the consent judgment in which relator agreed to perform various specified actions to resolve the violations, within specified deadlines, and agreed to the imposition of daily penalties for the failure to comply, the same executed by the trial court on July 26, 2022.

On November 8, 2021, respondent filed a pleading captioned "Rule for Contempt," seeking to: (1) have relator held in contempt for his failure to comply with the terms of the consent judgment; (2) enforce the penalty provisions of the consent judgment for failure to timely comply with the mandated actions; and

(3) for legal fees and expenses (hereafter cumulatively "the Rule"). The trial court found relator was not in contempt, but enforced the penalty provisions of the consent judgment. The February 14, 2022 judgment addresses respondent's motion to enforce consent judgment; calculates and orders the imposition of penalties against relator and makes the penalties executory; and is silent as to the trial court's ruling on the issue of contempt.[1]

In his writ application, relator contends that (1) the trial court abused its discretion by imposing monetary penalties against relator after finding that relator was not in contempt of the July 23, 2021 consent judgment; (2) the trial court erroneously relied on contract principles when imposing monetary penalties against relator; and (3) the trial court erred by denying relator the use of the contract defense theories to defend against the imposition of monetary penalties.

Relator incorrectly asserts that the only matter set before the trial court on January 20, 2022 was the issue of contempt. Relator maintains that the trial court did not have authority to rule in favor of respondent and impose monetary penalties against relator after ruling that relator was not in contempt. Therefore, relator argues that the trial court's finding of no contempt is inconsistent with and precludes, the imposition of any monetary penalties, so the judgment must be vacated or amended to reflect the denial of respondent's rule and removal of any award of monetary penalties. Relator further argues that despite a finding that he was not in contempt, the trial court "unilaterally, and without legal basis, inexplicably imposed what is essentially a 'strict liability' standard to the consent judgment, and held that [relator] was obligated to pay $38,700.00 in penalties to [respondent]." He claims that he did

---

[1] Although the judgment is silent as to the trial court's finding on the issue of contempt, the transcript shows that the trial court specifically found that relator was not in contempt of the consent judgment. Regardless, when a judgment is silent as to a claim or demand that was litigated, it is deemed denied by the trial court. Cambre v. St. John the Baptist Parish, 12-590 (La. App. 5 Cir. 05/16/13), 119 So.3d 73, 81, writ denied, 13-1415 (La. 10/11/13), 123 So.3d 1227; Oreman v. Oreman, 07-296 (La. App. 5 Cir. 10/30/07), 971 So.2d 1149, 1158, writ denied, 08-128 (La. 03/12/08), 977 So.2d 919. Neither party has sought review of the trial court's finding that relator was not in contempt.

not agree in the consent judgment to waive any contract defenses, such as Hurricane Ida's impact, force majeure, Act of God, and other bases for the impossibility of performance. Thus, relator asserts if the trial court was correct in applying a breach-of-contract analysis to the Rule, which he disputes, he should have been allowed to present contractual defenses, including Hurricane Ida, to justify his inability to perform the obligations required of him. Relator therefore argues that the trial court's use of a "strict liability" breach-of-contract analysis to impose penalties against relator constitutes error as well.

In opposition, respondent contends that while captioned as "Rule for Contempt," respondent requested three separate and distinct forms of relief in the prayer and in the rule to show cause order, specifically: (i) for relator to be found in contempt of court; (ii) for relator to be cast in judgment for the daily penalties set forth in the consent judgment; and (iii) for relator to be responsible for the costs and attorneys' fees incurred in the enforcement of the consent judgment. Respondent argues that relator did not except or raise any objections, in writing or orally at the hearing, to the scope of the proceeding or the forms of relief sought. Respondent maintains that cumulation of the actions/relief requested in the Rule was permitted under La. C.C.P. art 462 and La. C.C.P. art. 2592; therefore, any objection relator may have was waived by relator and his counsel's participation in the January 20, 2022 hearing. Respondent further asserts that the testimony and evidence supports the relief requested in the Rule and the trial court did not err in imposing the daily penalties set forth in consent judgment for relator's noncompliance by the specific deadlines to resolve the violations. Respondent contends that the trial court denied its request to find relator in contempt, granted its request for imposition of penalties set forth in the consent judgment, and preserved respondent's right for costs and attorneys' fees. Respondent initially contends that relator is prohibited from appealing enforcement of the penalties imposed by the consent judgment pursuant

to La. C.C.P. art. 2085.[2]  Respondent argues that the February 14, 2022 judgment is a final judgment because it determined the merits of respondent's request for penalties and thus, this writ application "should be dismissed as procedurally improper and otherwise barred."  In response to relator's arguments, respondent contends it specifically sought separate and distinct relief in the Rule, contempt and enforcement of the consent judgment.  Therefore, the trial court had authority to and correctly determined respondent's second request for relief, the enforcement of the consent judgment as a contract.  As such, under the clear and explicit terms of the consent judgment, respondent contends that the trial court did not err in the calculation and imposition of penalties against relator.

**Respondent's Procedural Objection**

Respondent contends that the February 14, 2022 judgment is a final appealable judgment, and that therefore it cannot be reviewed on an application for writs pursuant to our supervisory jurisdiction.  We disagree.

La. C.C.P. art. 1915 A provides that a final judgment may be rendered, although it does not adjudicate all of the issues in the case, in six specific instances. The judgment in this case is none of the six specified instances.

La. C.C.P. art. 1915 B further provides:

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.  [Emphasis added.]

---

[2] La. C.C.P. art. 2085 provides that "An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him."

Thus, La. C.C.P. art. 1915 B (1) says that when a court, as herein, renders a partial judgment to one or more, but fewer than all of the claims, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the trial court, and after an express determination that there is no just reason for delay. The trial court here made no determination that there is no just reason for delay, nor a designation of the February 14, 2022 judgment as final and appealable. Under the provisions of La. C.C.P. art. 1915 B(2), the judgment does not constitute a final judgment making it immediately appealable. In the absence of the designation, it remains a partial, interlocutory judgment.

The judgment in this case does not determine the merits of all claims of the Rule in that nearly all of the obligations mandated by the consent judgment, which remain orders of the trial court, had not been fulfilled at the time of the trial and remain as matters before the trial court. Until those obligations are fulfilled or waived, the daily penalties which may result from non-compliance may also be ongoing.[3] Lastly, the judgment does not determine the amount of unpaid legal fees. La. C.C.P. art. 1841; Ford Motor Credit Company, LLC v. Davis, 20-271 (La. App. 5 Cir. 10/13/21), 329 So.3d 1047, 1051. All of these are claims made in the original Rule. The judgment here is partial under La. C.C.P. art. 1915, and has not been certified and designated as final and appealable by the trial judge under La. C.C.P. art. 1915 B.

Lastly, La. C.C.P. art. 2083 C emphatically states:

An interlocutory judgment is appealable *only when expressly provided by law*. [Emphasis added.]

Other than as provided in La. C.C.P. art. 1915, we see no provision which expressly makes the judgment here appealable. For all of these reasons, we conclude that the February 14, 2022 judgment is properly before this court on supervisory review.

---

[3] Based on the terms of the consent judgment, until resolution of the violations acknowledged therein, relator is subject to the imposition of further penalties for noncompliance.

**Discussion of Merits**

Relator argues that the sole matter before the trial court was a rule for contempt, and he refers to the caption, "Rule for Contempt." Harsh rules of pleading are not favored in this state. State, Dept. of Children and Family Services ex rel. A.L. v. Lowrie, 14-1025 (La. 05/05/15), 167 So.3d 573, 578. Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. La. C.C.P. art. 865; Teachers' Retirement System v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La. 1984). Therefore, courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties. Lowrie, 167 So.3d at 578, *citing* Smith v. Cajun Insulation, Inc., 392 So.2d 398, 402 n.1 (La. 1980).

The Rule clearly set forth all matters heard and decided by the judgment. The Rule states that trial on the merits of respondent's petition for permanent injunction was set for July 23, 2021. In lieu of a trial, the parties entered into the consent judgment. Under the clear and explicit terms of the consent judgment, relator was ordered to perform certain actions to remedy the stipulated violations, including surveying work and construction work, time deadlines, with the failure to comply resulting in relator specified penalties owed to respondent per day for each violation. The Rule further alleges that relator failed to timely perform the specific actions ordered in the consent judgment. In the prayer, respondent specifically requested:

> WHEREFORE, Plaintiff prays that, after due proceedings, there be judgment in its favor and against Curtis Joseph Lawrence for contempt of court in violation of R.S. 13:4611(1)(c).
>
> FURTHER, Plaintiff prays that Defendant be cast in **judgment for all daily fines** imposed by the Consent Judgment, along with all **remaining legal fees and expenses incurred** by Plaintiff during the pendency of this proceeding, **and for all costs incurred in the enforcement of the Consent Judgment, including attorney's fees incurred**, as provided for in Section 3.07 of Declaration of Covenants & Restrictions for Plantation Lakes at Ashton Plantation recorded at COB 660, page 455, Entry No. 313725 of the conveyance records of St. Charles Parish. Plaintiff also request that legal interest be imposed

upon the delinquent balances owed by the Defendant as provided for by law.  [Emphasis added.]

The order attached to the motion setting the hearing required relator to show cause:

(i)   why he should not be held in contempt of court under R.S. 13:4611(1)(c) for his alleged failure to satisfy the terms of the Consent Judgment signed by this Court on July 26, 2021;

(ii)  why he should not be cast in judgment for the daily fines imposed by said Consent Judgment along with all remaining legal fees and expenses incurred by Plaintiff during the pendency of this proceeding; and

(iii) why he should not be held liable for the costs of bringing this action, including Plaintiff's attorney's fees and legal interest on the delinquent amounts owed by Defendant.

The Rule clearly sought to have relator held in contempt for failure to comply with the consent judgment, **and** sought enforcement of the consent judgment's penalty provisions for relator's violations, **and** sought all legal fees and costs incurred.  Relator did not object orally or by written exception to the nature and scope of the proceeding, nor the scope of the relief requested in the Rule.  Further, relator and counsel appeared at the hearing and argued the merits of respondent's Rule without any objection to consideration of penalties, legal fees and costs.  Any objection thereto is therefore waived.

Based on the substance of the Rule, the prayer, and the show cause order, enforcement of the consent judgment was also properly before the trial court. Accordingly, we will review the correctness of the trial court's ruling granting respondent's request for enforcement of the consent judgment by imposing daily penalties against relator for his noncompliance.

A judgment is a solemn adjudication of a court, settling the rights of the parties, as disclosed by the record, and which passes on the matters presented for determination.  Peeler v. Dural, 06-936 (La. App. 5 Cir. 04/11/07), 958 So.2d 31, 34.  Whether a judgment results from the assent of the parties or is the result of a judicial determination after a trial on the merits, it is accorded sanctity under the law. Id. at 35.

A consent judgment is a bilateral contract in which parties adjust their differences by mutual consent, thereby putting an end to a lawsuit with each party balancing hope of gain against fear of loss. La. C.C. art. 3071; Plaquemines Parish Government v. Getty Oil Co., 95-2452 (La. 05/21/96), 673 So.2d 1002, 1006. It has attributes both of contracts and of judicial decree. Peeler, 958 So.2d at 35. A consent judgment can be enforced by summary proceedings. La. C.C.P. art. 2593; Peeler, 958 So.2d at 35; Preston Oil Co. v. Transcontinental Gas Pipe Line Corp., 594 So.2d 908, 914 (La. App 1 Cir. 1991). A trial court's judgment on a motion to enforce is an interlocutory judgment and the proper method to sue when seeking review of an interlocutory judgment is to apply for supervisory writs. Crown Pine Timber 4, LP v. Crosby Land & Resources, L.L.C., 20-356 (La. App. 4 Cir. 11/25/20), 311 So.3d 434, 439. The standard of review of a motion to enforce settlement or consent judgment is the manifest error/clearly wrong standard. Eckstein v. Becnel, 17-868 (La. App. 4 Cir. 06/27/18), 250 So.3d 1046, 1053, writ denied, 18-1275 (La. 11/05/18), 255 So.3d 1054. When reviewing and interpreting a consent judgment, the court applies the basic principles of contract interpretation, which begins with the determination of the common intent of the parties in forming the contract. La. C.C. art. 2045. The reasonable intention of the parties to the contract is sought by examining the words of the contract itself. Prejean v. Guillory, 10-740 (La. 07/02/10), 38 So.3d 274, 279. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046.

The law of contracts is the law that supports all subsequent court orders with deadlines that follow a consent judgment. See City of Kenner v. Jumonville, 97-125 (La. App. 5 Cir. 08/27/97), 701 So.2d 223, 228. Deadlines are supported by the general law of contracts. Id. The court cannot undermine a contract simply because

it was a bad deal, or is believed to be, for one of the parties.[4] Id. When parties voluntarily negotiate and sign a consent judgment, Louisiana law recognizes that as the law between the parties, and the trial court's enforcement of a consent judgment must follow the intent of the parties based upon the explicit words of the contract. Jones v. City of New Orleans, 20-247 (La. App. 4 Cir. 04/14/21), 315 So.3d 963, 966.

Relator argues that the trial court "unilaterally, and without legal basis, inexplicably imposed what is essentially a 'strict liability' standard to the Consent Judgment." We disagree. The consent judgment provided for "daily penalties," which amount to liquidated damages, in the event relator does not perform as mandated by the consent judgment. By the Stipulations and the evidence produced at trial, respondent proved its case. The trial court applied the consent judgment, the law between the parties, to the stipulated facts and trial evidence. We see no application of strict liability.

In determining whether to impose daily penalties per the consent judgment, the transcript shows that the trial court considered relator's contractual defense arguments, including the impact of Hurricane Ida on his inability to retain surveyors, craftsmen, and/or tradesmen to perform the required work. The trial court ultimately rejected the same, finding that relator consented to and obligated himself to perform the work and that he is responsible for its nonperformance not any surveyors, craftsmen, and/or tradesmen. The trial court stated:

> If there were concerns about securing the necessary surveying professionals, craftsmen, and tradesmen to perform this work, that should have been taken into account prior to entering into the agreement. It wasn't. And as [counsel for respondent] pointed out, the deadlines for retaining a survey actually expired before the August 29th Hurricane Ida event. There are consequences, and the parties contemplated the consequences for nonperformance in their agreement. And today I am going to **enforce** the parties' agreement as it relates to the penalties. [Emphasis added.]

---

[4] This court does not address the issue of whether the consent judgment was a "bad deal" for relator concerning the deadlines and imposition of daily penalties for failure to comply.

The trial court considered the evidence and testimony, calculated the imposition of daily penalties per the terms of the consent judgment, and imposed the same against relator in favor of respondent. Relator did not object to the trial court's calculation of the penalties.

We find that the trial court was not manifestly erroneous in enforcing the consent judgment by imposition of the agreed upon penalties for failure to comply with the terms of the consent judgment. We find the wording agreed to by the parties in the consent judgment is clear and unambiguous. The parties voluntarily and freely entered into this consent judgment, which contained specific deadlines for completion of certain tasks to eliminate said violations and the imposition of daily penalties for noncompliance. Any concerns by relator about the ability to hire surveyors, craftsmen, and/or tradesmen and for their performance of the tasks specified within the specific deadlines, as stated by the trial court, could have and should have been considered by relator *prior to* agreeing to the same. Moreover, we note relator did not dispute that the terms of the consent judgment were accepted knowingly and voluntarily, or that relator failed to comply with those terms; rather, relator only argued that his noncompliance was due to circumstances beyond his control, including the impact of Hurricane Ida.

Here, relator, as the noncompliant party to the consent judgment, was aware from the clear and unambiguous agreed-upon terms that noncompliance in resolving the violations within the requisite deadlines would result in, and continue to result in, the imposition of daily penalties for the same until the terms of the consent judgment are satisfied. A judgment, whether it results from the assent of the parties or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law. Preston, 594 So.2d at 913. We therefore find that the trial court did not err.

**DECREE**

After thorough review of the record, and for the reasons stated above, we find no error in the trial court's February 14, 2022 judgment granting respondent's motion to enforce the consent judgment and in imposing penalties against relator and in favor of respondent.[5]  Accordingly, the judgment is affirmed.

**AFFIRMED**

---

[5] Although not argued, we further note that the trial court also could have enforced the provisions of the consent judgment pursuant to La. C.C.P. art. 2502, which provides:

> If a judgment orders the delivery of a thing and the sheriff cannot seize it because the defendant has concealed or removed it from the jurisdiction of the court, or when the judgment orders a defendant to do or refrain from doing an act other than the delivery of a thing, and he refuses or neglects to comply with the order, the party entitled to performance may obtain by contradictory motion the following remedies:
>
> (1)  A writ to distrain the property of the defendant;
>
> (2)  An order adjudging the disobedient party in contempt; or
>
> (3)  A judgment for any damages he may have sustained. He may likewise sue for damages in a separate action.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 28, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-122**

## E-NOTIFIED

29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE TIMOTHY S. MARCEL (DISTRICT JUDGE)
JOHN O. PIEKSEN, JR. (RELATOR)        MICHAEL G. BAGNERIS (RELATOR)

## MAILED

LOUIS G. AUTHEMENT (RESPONDENT)
ATTORNEY AT LAW
13919 RIVER ROAD
SUITE 300
LULING, LA 70070